PLACEK v CITY OF STERLING HEIGHTS

1. AUTOMOBILES—SEAT BELTS—FAILURE TO USE—CONTRIBUTORY NEG-
   LIGENCE.

   Failure of a plaintiff in an automobile negligence case to have
   worn a seat belt or shoulder harness is neither evidence of
   contributory negligence nor a factor to be used in mitigating
   damages and has no bearing on the right to recover from a
   negligent party.

2. AUTOMOBILES—SEAT BELTS—FAILURE TO USE—CONTRIBUTORY NEG-
   LIGENCE.

   Allowing a plaintiff in an automobile negligence case to be
   questioned concerning his failure to wear a seat belt, with or
   without a shoulder harness, is reversible error; such testimony
   can lead the jury to believe this is a factor for them to consider
   in determining whether the plaintiff was contributorily negli-
   gent.

3. AUTOMOBILES—SEAT BELTS—FAILURE TO USE—INSTRUCTIONS TO
   JURY.

   An offer by the trial court, when erroneously allowing a plaintiff
   in an automobile negligence case to be questioned about
   whether she was wearing a seat belt and shoulder harness, to
   give a jury instruction on the rule of law in regard to seat belt
   usage, did not make the error harmless when no such instruc-
   tion was actually given.

Appeal from Macomb, Howard R. Carroll, J.
Submitted Division 2 January 15, 1974, at Detroit.
(Docket No. 15735.) Decided April 29, 1974. Leave
to appeal applied for.

Complaint by Patricia Placek and Joseph Placek
against the City of Sterling Heights and Richard
M. Ernst for damages resulting from an automo-
bile collision. Verdict and judgment for defend-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 8 Am Jur 2d, Automobiles and Highway Traffic § 533.1 (Supp).

ants. Plaintiffs appeal. Reversed and remanded for a new trial.

*Lopatin, Miller, Bindes & Friedman (Michael H. Feiler,* of counsel), for plaintiffs.

*Coticchio, Zotter & Sullivan, P. C.,* for defendants.

Before: V. J. BRENNAN, P. J., and BRONSON and CARLAND,* JJ.

BRONSON, J. This automobile negligence case arose out of an automobile collision which occurred on April 8, 1970, in the City of Sterling Heights. Defendant Ernst was employed by defendant City of Sterling Heights as a police officer and was driving a vehicle owned by defendant city at the time of the accident. On October 16, 1972, a jury verdict of no cause of action was returned against plaintiffs, Patricia and Joseph Placek. From this verdict, plaintiffs have appealed.

Although plaintiffs raise three allegations of error on appeal, we find one decisional: WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING *PLAINTIFF* PATRICIA PLACEK TO BE QUESTIONED ON HER FAILURE TO WEAR A SEAT BELT AND SHOULDER HARNESS.

During cross-examination of Mrs. Placek, defense counsel asked whether she was wearing a seat belt at the time of the accident. Following plaintiff's negative reply, her attorney objected and moved to have the answer stricken as immaterial. The trial judge overruled the objection. The court declared that everyone knew what the law

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was and, if there was any question concerning the matter, the jury could be properly instructed.

Defense counsel then asked Mrs. Placek whether she was wearing a shoulder harness at the time of the accident. Plaintiff's counsel again objected to the entire line of questioning as being immaterial. In allowing the question, the trial court stated:

> "She may answer whether she had any on. I'll tell the jury later that the law says you don't have to wear a seat belt and you don't have to wear a harness and it's not negligence if you don't, that's the law in Michigan."

The trial court never instructed the jury with respect to a person's failure to wear a seat belt or shoulder harness as not being negligence under Michigan law.

In holding that a failure to wear a seat belt was neither evidence of contributory negligence nor a factor to be used in mitigating damages, I agreed with Judge FITZGERALD in *Romankewiz v Black,* 16 Mich App 119, 125–126; 167 NW2d 606 (1969), wherein we stated:

> "To impose a standard on a plaintiff and submit to a jury the question of contributory negligence for non-use of seat belts (when perhaps only 2 or 3 of that jury use belts) stretches too far the facts of automobile travel today and, indeed, common-sense rules of statutory construction by implication.
>
> "The proliferation of devices to promote safety, such as harnesses, sideview mirrors, and headrests, to name but 3, with the concomitant lack of requirement of their use, leads us to the conclusion that such non-use was not intended to be punished or prohibited.
>
> \* \* \*
>
> "Accordingly, we hold that as a matter of law, Robert E. Morrow had no duty to wear a seat belt. The plaintiff's failure to fasten his seat belt was not such negli-

gence as to contribute to the cause of the accident. Unbuckled plaintiffs do not *cause* accidents."

Thus, an individual's failure to wear a seat belt has absolutely no bearing upon his right to recover from a negligent party. In light of *Romankewiz,* we now hold that in an automobile negligence case it is reversible error for a trial court to allow a plaintiff to be questioned concerning his or her failure to wear a seat belt with or without a shoulder harness. The introduction and allowance of such testimony can only lead the jury to believe that this was a factor for them to consider in determining whether plaintiff was contributorily negligent.

We have no way of knowing what consideration the jury attributed to plaintiff's failure to wear her seat belt or shoulder harness. We cannot assume that the testimony elicited did not improperly influence them in their decision to render a verdict of no cause of action. Plaintiff is, therefore, entitled to a new trial at which such testimony shall not be allowed.

We note that the trial court's offer to later instruct the jury on the rule of law in regard to seat belt usage does not make this error harmless when no such instruction was actually given.

Reversed and remanded for a new trial. Costs to appellant.

All concurred.