DeGRAAF v GENERAL MOTORS CORPORATION

Docket No. 62173. Submitted August 16, 1983, at Grand Rapids.—
Decided June 5, 1984. Leave to appeal applied for.

Shirley A. DeGraaf was severely injured when the automobile she
was driving collided with a train. She filed a products liability
suit against General Motors Corporation in Kent Circuit Court
alleging that she suffered enhanced injuries because the steer-
ing column of her car failed to adequately collapse upon impact
with her body. General Motors was the manufacturer of the
steering column. The jury returned a verdict of no cause of
action, whereupon plaintiff moved for a new trial. The court,
Robert A. Benson, J., denied the motion and entered judgment
in favor of defendant. Plaintiff appeals. *Held:*

1. The trial court erred in instructing the jury that if it found
that plaintiff's failure to wear her seat belt was the sole
proximate cause of her enhanced injuries it should render a
verdict for defendant. This error requires reversal.

2. Plaintiff's second issue, that the trial court erred in admit-
ting two videotape films offered by defendant, need not be
addressed. However, if at the new trial the court determines
that the films are admissible for a limited purpose, it should
instruct the jury accordingly.

Reversed and remanded for a new trial.

Trial — Jury Instructions — Products Liability — Failure to
Use Seat Belt.

It was error for a trial court in a products liability action against
the manufacturer of an automobile steering column to instruct

References for Points in Headnote
7A Am Jur 2d, Automobiles § 602.
63 Am Jur 2d, Products Liability §§ 805, 814.
Personal injury or death allegedly caused by defect in steering
system in motor vehicle. 100 ALR3d 158.
Nonuse of automobile seat belts as evidence of comparative negli-
gence. 95 ALR3d 239.
Automobile occupant's failure to use seat belts as contributory
negligence. 92 ALR3d 9.
Nonuse of seat belt as failure to mitigate damages. 80 ALR3d 1033.

the jury that if it found that the plaintiff's failure to wear her seat belt was the sole proximate cause of her enhanced injuries it should render a verdict for the defendant.

*Garlington, Sluiter & Agents* (by *William J. Garlington* and *Jack R. Sluiter*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendant.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff was severely injured when the automobile she was driving collided with a train. Plaintiff's car was a 1972 American Motors Ambassador Brougham, the steering column of which was designed and manufactured by defendant General Motors Corporation, which sold it to American Motors Corporation. In this product liability suit against defendant, plaintiff claimed that she suffered enhanced injuries because of the steering column's failure to adequately collapse upon impact with her body. The jury returned a verdict of no cause of action, and plaintiff moved for a new trial, which motion the trial court denied. Plaintiff appeals as of right from the court's order denying her motion for a new trial, reiterating on appeal the two issues raised in her motion.

The first issue raised by plaintiff is that the court committed error in instructing the jury, over plaintiff's objection, that if it found that plaintiff's failure to wear her seat belt was the sole proximate cause of her enhanced injuries it should render a verdict for defendant. Together with this proximate cause instruction, the court instructed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the jury that the law does not require a person to wear a seat belt and that the jury was neither to consider plaintiff negligent nor to reduce plaintiff's damages for failure to wear her seat belt. We agree with plaintiff that the court's proximate cause instruction relative to plaintiff's failure to wear her seat belt was error and requires reversal.

This Court has previously addressed the "seat belt defense" question. In *Romankewiz v Black,* 16 Mich App 119; 167 NW2d 606 (1969), it was held that a plaintiff's failure to wear a seat belt was not contributory negligence so as to wholly bar recovery. The *Romankewiz* Court pointed to the absence of any statute imposing a duty to wear a seat belt, and the Court declined to impose such a duty under the common law. *Romankewiz, supra,* pp 124-125. The Court further held that, since there is no duty to wear a seat belt, failure to wear a seat belt is *not* a proper basis for reducing damages on the theory that the injuries would not have been as serious had a seat belt been used. *Romankewiz, supra,* pp 126-127. In the subsequent case of *Selmo v Baratono,* 28 Mich App 217; 184 NW2d 367 (1970), *lv den* 384 Mich 834 (1971), it was held that the trial court did not err in refusing to instruct the jury that it could consider whether the plaintiffs' injuries were proximately caused by their failure to wear seat belts, citing *Romankewiz, supra.* In *Placek v Sterling Heights,* 52 Mich App 619; 217 NW2d 900 (1974), *lv den* 392 Mich 811 (1974), this Court again adhered to *Romankewiz, supra,* in finding that it was error to allow the jury to consider evidence of the plaintiffs' failure to wear seat belts in determining whether the plaintiffs were contributorily negligent.

Defendant argues that the trial judge adhered to *Romankewiz, supra,* since he instructed the jury

that plaintiff had no duty to wear a seat belt, that failure to do so did not constitute negligence, and that plaintiff's damages should not be reduced for failure to wear a seat belt. We find, however, that the proximate cause instruction given by the Court was inconsistent with *Romankewiz.* The practical effect of the court's instruction, that the jury could find plaintiff's failure to wear a seat belt to be the proximate cause of her enhanced injuries, was to permit the jury to deny recovery to plaintiff because of her failure to wear a seat belt, which is the same effect as where a jury is permitted to consider failure to wear a seat belt as contributory negligence, which was disapproved of in *Romankewiz, supra.* Furthermore, the decision in *Selmo, supra,* reflects that an instruction allowing the jury to consider the plaintiff's nonuse of a seat belt in determining whether the proximate cause element was established is contrary to the spirit of *Romankewiz, supra.*

Defendant also urges this Court to abandon the view adopted in *Romankewiz, supra,* and followed in *Selmo, supra,* and *Placek, supra,* since those cases were decided prior to the Supreme Court's decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), adopting comparative negligence in place of contributory negligence. We do not read the seminal *Romankewiz* decision as resting on the harsh results which were obtained under the contributory negligence theory earlier applied in this jurisdiction. Indeed, the *Romankewiz* Court disapproved not only of the nonuse of seat belts as a basis for finding contributory negligence, but also as a basis for reducing damages, which is the result where comparative negligence is applied. Rather, the underpinnings of the *Romankewiz* decision were the absence of any legisla-

tion requiring the use of seat belts, which is still the situation at present, and the Court's refusal to adopt as a matter of common law a rule making failure to wear a seat belt negligence per se, which we likewise refuse to adopt for the reasons cited in *Romankewiz, supra,* p 125. We agree with *Romankewiz v Black, supra,* p 127, that the question of whether or not automobile drivers should be obliged to use seat belts is a matter best suited for resolution by the Legislature. To date, the Legislature has not imposed such a duty, and in view thereof we decline defendant's invitation to disturb *Romankewiz, supra.*

Nor can we agree with defendant that *Romankewiz, supra,* is inapplicable to the case at bar because here the cause of action is based on a "crashworthiness" theory, *i.e.,* plaintiff herein is seeking damages for enhanced injuries sustained because of an alleged defect in the steering column causing it not to collapse sufficiently upon impact. Defendant directs our attention to "crashworthiness" cases from other jurisdictions where the courts held it permissible for a jury to consider, in determining whether the defendant negligently designed a particular safety feature, all the other safety features provided in the automobile, including seat belts. *E.g., Daly v General Motors Corp,* 20 Cal 3d 725; 575 P2d 1162; 144 Cal Rptr 380 (1978). However, defendant's reliance on such cases is misplaced since the instruction given in the present case, that the jury should find for defendant if it found plaintiff's failure to wear a seat belt was the sole proximate cause of her enhanced injuries, went far beyond an instruction permitting the jury to consider the availability of seat belts as a factor in determining whether the steering column was negligently designed.

We conclude that the proximate cause—seat belt instruction given by the trial court was error and requires reversal.

The second issue raised by plaintiff on appeal is that the trial court erred in admitting two videotape films because defendant did not list the films in its pretrial exhibit list and that plaintiff was prejudiced by the unexpected introduction of the videotapes after her expert witnesses had testified and were no longer available to view the videotapes. Defendant claims that, because the films were not an accurate representation of the accident involved herein, the use of the films to merely illustrate the physical principles related by the testimony of defendant's expert witnesses was more probative than prejudicial. We need not consider this issue in view of our reversal. However, we caution the trial court, if at the new trial it determines that the films are admissible for a limited purpose, to instruct the jury accordingly.

Reversed and remanded for a new trial; costs to plaintiff-appellant.