HIERTA v GENERAL MOTORS CORPORATION

Docket No. 77617. Submitted October 3, 1985, at Detroit.—Decided November 19, 1985.**

Plaintiff, Lars E. Hierta, was injured when he fell out of a truck manufactured by defendant, General Motors Corporation. Plaintiff brought an action alleging that defendant was negligent in the design of the door locking mechanism and had breached an implied warranty. The Wayne Circuit Court, Roland L. Olzark, J., entered a judgment on a jury verdict in which the defendant was found to have been negligent but not to have breached any implied warranty. The jury also found that plaintiff was 95% negligent and the award of damages was reduced accordingly. Plaintiff appealed, alleging that the trial court erred in allowing defendant to use plaintiff's failure to use a seat belt both as a defense and as evidence of comparative negligence. Plaintiff also alleged that the jury verdict was inconsistent. *Held:*

1. Plaintiff's failure to use his seat belt was not a proximate or intervening cause of the accident. Negligence may be found only where a person, in committing an injury-producing act, breached a legally cognizable duty. The plaintiff in this case was under no duty to use a seat belt at the time of the accident and, thus, was not negligent per se. Furthermore, plaintiff's duty to exercise ordinary care did not include an obligation to wear a seat belt.

2. Plaintiff's failure to use a feature of the truck, the seat

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 567, 602.

Am Jur 2d, Negligence §§ 33 *et seq.*

Am Jur 2d, Products Liability §§ 470 *et seq.*, 786 *et seq.*

Products liability: equipment and devices directly relating to passenger's standing or seating safety in land carriers. 35 ALR4th 1050.

Modern cases determining whether product is defectively designed. 96 ALR3d 22.

Non-use of automobile seatbelts as evidence of comparative negligence. 95 ALR3d 239.

Automobile occupant's failure to use seatbelt as contributory negligence. 92 ALR3d 9.

belt, has no relation to the question of whether the design of the truck was reasonable, nor could defendant rely, when designing the truck, on a passenger's using his seat belt. The evidence of plaintiff's failure to use his seat belt was improperly admitted.

3. The jury verdict was not inconsistent.

Reversed in part and remanded for a new trial.

1. NEGLIGENCE — DUTY.

Negligence will not be found merely upon proof of an act which causes injury; a finding of negligence can be sustained only where the person, in committing the injury-producing act, breached some legally cognizable duty.

2. AUTOMOBILES — NEGLIGENCE — SEAT BELTS — PRODUCTS LIABILITY.

A plaintiff's failure to wear a seat belt, in the absence of a legal duty to do so, did not constitute negligence per se nor breach a duty to use ordinary care; therefore, the fact that the plaintiff failed to use a seat belt was not properly available as a defense or as evidence of comparative negligence in an action alleging negligent design of a motor vehicle.

3. PRODUCTS LIABILITY — JURY VERDICT — INCONSISTENT VERDICT.

A jury verdict in a products liability action in which the defendant is found to be negligent but not to have breached an implied warranty is not inconsistent.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Samuel A. Meklir),* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Derek I. Meier* and *Kathleen McCree Lewis),* and General Motors Corporation (by *Mary A. McKinnon* and *Judith Zakens),* of counsel, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K.'B. GLASER,* JJ.

PER CURIAM. Following a jury trial, General Motors Corporation was found to be liable for the negligent design of a 1973 GM truck door locking

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

** The Court of Appeals released a supplemental opinion in this case clarifying the scope of the remand order. The supplemental opinion appears at 148 Mich 796. — Reporter.

mechanism. Defendant, however, was found not to have breached an implied warranty. The jury found that plaintiff suffered damages in the amount of $50,000. That damage amount was reduced by 95% on the basis of plaintiff's comparative negligence. Plaintiff now appeals, raising two issues.

It is undisputed that on October 4, 1977, plaintiff was injured when he fell out of a 1973 GM Astro truck. Plaintiff was employed as a "mover's helper" for a moving company on the day in question. Plaintiff and Mr. Beard, the driver of the truck, were travelling from Leesburg, Florida, to Palm Beach, Florida, on the last leg of a trip when the accident occurred. At some point between Leesburg and Palm Beach, plaintiff fell asleep and his elbow apparently hit the door handle and the door popped open. Plaintiff fell out of the door and the truck ran over him. As a result of the accident, plaintiff suffered serious and permanent injuries.

Plaintiff testified that the GM truck was equipped with a lap seat belt but that he was not wearing it at the time of the accident. Plaintiff further testified that the truck was equipped with a sleeper berth which he did not use the majority of the time he accompanied the driver in the truck. The truck was also equipped with door locks, but plaintiff stated he never thought of using the locks while riding in the truck. Plaintiff alleged in his complaint that GM was negligent and liable for a breach of warranty in the design, manufacture and distribution of the truck because the company failed to properly design the door and handle so that it could not be opened accidentally.

Both plaintiff's and defendant's expert witnesses agreed that the design of the truck's door locking mechanism was unconventional. Specifically, plain-

tiff's expert opined that the design of the locking mechanism was unsafe because it allowed "accidental tripping" of the door handle which would open the door. The door's "control lever" was designed so that one could open the door by depressing it downwards—as opposed to pulling it upward—making it easier to accidentally open the door. Also, the door was not equipped with an armrest. The door handle, however, was positioned at the normal level of a passenger's elbow and protruded out. As a consequence, a passenger was likely to rest his arm on top of the door handle.

Plaintiff first argues that the trial court erred by allowing GM to use as a defense, and as evidence of comparative negligence, plaintiff's failure to use a seat belt. We agree and reverse.

Two recent panels of this Court have rejected the use of the so-called "seat belt defense" even to show comparative negligence. *Schmitzer v Misener-Bennett Ford, Inc,* 135 Mich App 350; 354 NW2d 336 (1984);[1] *DeGraaf v General Motors Corp,* 135 Mich App 141; 352 NW2d 719 (1984). Although these decisions were released after the trial in the case at bar, their holdings were presaged by earlier decisions rejecting use of the seat belt defense in contributory negligence cases. See *Placek v Sterling Heights,* 52 Mich App 619; 217 NW2d 900 (1974); *Selmo v Baratono,* 28 Mich App 217; 184 NW2d 367 (1970); *Romankewiz v Black,* 16 Mich App 119; 167 NW2d 606 (1969).

GM argues that *Schmitzer* is distinguishable from the present case since *Schmitzer* involved introduction of evidence of the non-use of seat belts to show that non-use of a seat belt increased

---

[1] Defendant incorrectly argues that *Schmitzer, supra,* is without precedential value since an application for leave was pending before the Supreme Court. In fact, the Supreme Court denied leave on March 28, 1985. *Schmitzer v Misener-Bennett Ford, Inc,* 422 Mich 852 (1985).

the severity of the plaintiff's injuries. In the case at bar, defendant argues, plaintiff's non-use of his seat belt was a factor in the causation of the accident. Similarly, defendant seeks to distinguish *DeGraaf,* noting that *DeGraaf* involved a defect in manufacture while the present case involves a claim of a design defect.

We disagree with defendant's argument that plaintiff's failure to wear his seat belt was an intervening or proximate cause of the accident. Defendant's argument fails to recognize the relationship between negligence and a legal duty. That relationship was noted by this Court in *Schmitzer, supra,* p 358:

> "Under any interpretation of comparative negligence, no matter how, or to what, negligence is compared, the trier of fact must first find that the plaintiff *was negligent.* Negligence will not be found merely upon proof of an act which causes injury; a finding of negligence can be sustained only where the person, in committing the injury-producing act, breached some legally cognizable duty. *Butrick v Snyder,* 236 Mich 300, 306; 210 NW 311 (1926); *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 620; 317 NW2d 195 (1981). Thus, even if we subscribe to defendants' contention that plaintiffs' failure to wear a seat belt proximately caused their injuries, we are still left with the question of whether plaintiffs' failure to wear a seat belt was a breach of some legal duty." (Emphasis in original.)

At the time of the accident, there was no statute mandating the use of seat belts.[2] Thus, plaintiff's

---

[2] We note that a different result would likely be reached for accidents occurring after July 1, 1985, the effective date of Michigan's mandatory seat belt law. MCL 257.710e; MSA 9.2410(5). The statute specifically provides that failure to wear a seat belt in violation of the statute may be considered evidence of negligence and may reduce the recovery of damages by no more than 5%. MCL 257.710e(5); MSA 9.2410(5)(5). However, the accident in the case at bar occurred several years prior to the adoption of this statute. Nor is it argued that there

failure to wear a seat belt does not constitute negligence per se. At most, defendant could argue that plaintiff breached a duty to use ordinary care. *Schmitzer, supra,* pp 358-359. The *Schmitzer* Court rejected the argument that the duty to exercise ordinary care includes an obligation to wear a seat belt:

"To assert that plaintiffs had a duty to use ordinary care by 'buckling up' at some point between entering their cars and immediately prior to the occurrence of the accidents imputes to plaintiffs the anticipation that an accident would occur. But, as a matter of law, plaintiffs had the right to assume that other drivers would obey traffic laws and use reasonable care. 'Contributory negligence cannot be imputed to a plaintiff for failure to anticipate negligent acts of a defendant.' *Koehler v Detroit Edison Co,* 383 Mich 224, 233; 174 NW2d 827 (1970).

"The common law fails to provide a basis for concluding that plaintiffs' failure to wear seat belts was a breach of their duty to use ordinary care. Moreover, imposition of such a duty is an act more appropriately performed by the Legislature. The Legislature is better equipped to consider the various issues raised by a law mandating seat-belt use, *e.g.,* the majority of the population's disinclination to wearing seat belts, the contradictory studies regarding the efficacy of seat belts as safety devices, and the collateral problems associated with other types of safety devices. I reiterate the conclusion of the Court of Appeals Judge FITZGERALD, in *Romankewiz, supra,* p 127, 'In summary, it is for the Legislature, which in its wisdom has prescribed seat belts, to prescribe any required use thereof if it chooses." 135 Mich App 359.

We agree with the reasoning of the *Schmitzer* Court and find it applicable to the present case. The cause of the accident was the inadvertent

existed an obligation at the time under Florida law, where the accident took place, for plaintiff to wear a seat belt.

opening of the door, not plaintiff's failure to wear his seat belt. Although the latter may have caused or increased the severity of plaintiff's injuries, we know of nothing in the record that connects the failure to wear the seat belt with the door's opening when it should not.[3]

Defendant also argues that evidence of plaintiff's failure to wear his seat belt was admissible to show the reasonableness of the design of the motor vehicle as a whole. We disagree. First, it would be sufficient simply to introduce evidence that the truck was equipped with seat belts. Plaintiff's failure to use a feature of the truck has no relationship to the question of whether the design of the truck was reasonable. Secondly, and more importantly, we do not believe that defendant could rely on a passenger's wearing his seat belt in designing the truck since, as discussed above, the passengers were under no obligation to wear those seat belts. That is, defendant cannot escape liability for negligent design by relying on the assumption that a passenger will employ a safety device he is under no obligation to employ.[4] We, therefore, reject defendant's argument that the evidence was admissible to show the reasonableness of the design.

Finally, defendant argues that any error in admitting the evidence of plaintiff's failure to wear his seat belt was harmless as the jury's finding

---

[3] From the record, it appears possible that even if plaintiff had worn the seat belt, he could nevertheless have placed his elbow on the door handle and inadvertently opened the door after falling asleep. This, the design defect, the ability of the door to be accidentally opened, existed independent of the circumstances surrounding a passenger's use or non-use of his seat belt.

[4] This, of course, does not apply where safety devices are passive. Thus, a manufacturer could show "crashworthiness" by referring to a design feature which, unlike seat belts, does not leave to the occupant the choice of whether to employ the safety device.

that plaintiff was 95% negligent was supported by other evidence on the record, including his failure to lock the door or use the sleeper berth. We are not prepared to say that the jury would have reached the same conclusion had they not received the evidence of plaintiff's failure to use his seat belt. Accordingly, we remand the case for new trial.

Plaintiff next argues that the jury verdict was inconsistent in that defendant was found to be negligent in designing the truck door locking mechansim but found not to have breached an implied warranty. We disagree.

In *Awedian v Theordore Efron Manufacturing Co,* 66 Mich App 353; 239 NW2d 611 (1976), this Court held that a jury verdict finding the defendant guilty of negligence but not guilty of a breach of implied warranty was not inconsistent. See also *Prentis v Yale Manufacturing Co,* 421 Mich 670, 692; 365 NW2d 176 (1984) ("We do not dispute the generally recognized distinction between the elements of negligence and breach of warranty."). We conclude that the jury verdict was not inconsistent and thus reversal is not required on this issue.

Reversed in part and remanded for a new trial consistent with this opinion. No costs, neither party having prevailed in full.