LOWE v ESTATE MOTORS LIMITED

Docket No. 73531. Submitted December 17, 1984, at Detroit.—Decided December 16, 1985. Leave to appeal applied for.

Ethel Lowe was seriously injured when she fell out of a rear passenger door of a 1979 Mercedes Benz automobile. Plaintiff, by her conservator, Frank F. Gazley, filed a products liability suit against Estate Motors Limited, the vendor of the automobile, Mercedes-Benz of North America, Inc, the American outlet for the manufacturer of the automobile, and Newark Auto Products, a division of Newark Auto Top Co, the manufacturer of the floor mats used in the automobile. She alleged that a defective floor mat caused the accident by interfering with the driver's ability to apply the brakes and that her injuries were caused by a defective door and door locking mechanism on the automobile. The Oakland Circuit Court, Steven N. Andrews, J., by an interlocutory order, denied plaintiff's motion to strike an affirmative defense pled by defendants and motion in limine to preclude defendants from introducing evidence of plaintiff's failure to use a seat belt. Plaintiff appealed by leave granted.
*Held:*

1. Under the doctrine of comparative negligence the trier of fact must first find that the plaintiff was negligent. A finding of negligence can only be sustained if the plaintiff breached some statutory or common law duty. Proof that the plaintiff engaged in an injury-producing act, without more, is not a sufficient basis for establishing that plaintiff was negligent.

2. At the time that the accident occurred, the Michigan Legislature had not enacted the mandatory seat belt use law.

REFERENCES

Am Jur 2d New Topic Service, Comparative Negligence §§ 1 *et seq.*

Am Jur 2d, Automobiles and Highway Traffic §§ 397 *et seq.,* 567, 602.

Nonuse of automobile seatbelts as evidence of comparative negligence. 95 ALR3d 239.

Automobile occupant's failure to use seatbelt as contributory negligence. 92 ALR3d 9.

Nonuse of seatbelt as failure to mitigate damages. 80 ALR3d 1033.

Modern developement of comparative negligence doctrine having applicability to negligence actions generally. 78 ALR3d 339.

Hence, plaintiff's failure to wear a seat belt did not constitute negligence per se.

3. There is no common law basis for concluding that plaintiff's failure to use a seat belt was a breach of her duty to use ordinary care.

4. Under Michigan's system of comparative negligence, evidence of plaintiff's failure to use a seat belt is not admissible as evidence of plaintiff's contributory negligence or of plaintiff's failure to mitigate damages.

Reversed.

C. W. SIMON, J., dissented. He would recognize the defense of failure to use a seat belt. He would hold that the Supreme Court adopted comparative negligence with the intent to hold every person responsible for his or her acts to the full extent to which they cause injury and that the Legislature had a similar intent when it adopted comparative negligence in products liability actions. The seat belt defense would be consistent with the principle on which comparative negligence is based. He would affirm.

OPINION OF THE COURT

1. NEGLIGENCE — COMPARATIVE NEGLIGENCE — DUTY.

A trier of fact must first find that a plaintiff was negligent in order to invoke the doctrine of comparative negligence; a finding of negligence can only be sustained if the plaintiff breached some statutory or common law duty; proof that a plaintiff engaged in an injury-producing act, without more, is not a sufficient basis for establishing that the plaintiff was negligent.

2. NEGLIGENCE — NEGLIGENCE PER SE — AUTOMOBILES — SEAT BELTS.

Absent a legislative mandate for seat belt use, a plaintiff's failure to wear a seat belt does not constitute negligence per se.

3. COMMON LAW — NEGLIGENCE — AUTOMOBILES — SEAT BELTS.

The common law does not provide a basis for a conclusion that the failure to wear a seat belt by an occupant of an automobile is a breach of the occupant's duty to use ordinary care.

4. NEGLIGENCE — COMPARATIVE NEGLIGENCE — AUTOMOBILES — SEAT BELTS — CONTRIBUTORY NEGLIGENCE — MITIGATION OF DAMAGES.

Evidence of a plaintiff's failure to use a seat belt is not admissible under Michigan's system of comparative negligence as evidence of the plaintiff's contributory negligence or of the plaintiff's failure to mitigate damages.

DISSENT BY C. W. SIMON, J.

5. NEGLIGENCE — COMPARATIVE NEGLIGENCE — AUTOMOBILES — SEAT
   BELTS — CONTRIBUTORY NEGLIGENCE.

   *Evidence of a plaintiff's failure to use a seat belt would be
   consistent with the principle on which comparative negligence
   is based, i.e., that every person should be responsible for his or
   her acts to the full extent to which they cause injury.*

*Gerald Tuchow Law Offices, P.C.* (by *Stephen J. Trahey),* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Daniel P. King),* for Estate Motors Limited.

*Fitzgerald, Young, Peters, Dakmar & Bruno* (by *Lisa Sewell DeMoss* and *Neil T. Peters,* for Mercedes-Benz of North America, Inc.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Mark Willmarth),* for Newark Auto Products.

Before: V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON,* JJ.

CYNAR, J. In this products liability action, plaintiff appeals by leave granted from an interlocutory order denying her motion to strike an affirmative defense pled by defendants and a motion in limine to preclude defendants from introducing evidence of plaintiff's failure to use a seat belt. Plaintiff claims that she was seriously injured on April 18, 1979, when she fell out of a rear passenger door of a 1979 Mercedes-Benz automobile following a collision with a truck. Defendants are the vendor of the automobile, the American outlet for the German manufacturer of the automobile, and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

manufacturers of the floor mats used in the automobile. Plaintiff claimed that a defective floor mat caused the accident by interfering with the driver's ability to apply the brakes and that her injuries were caused by a defective door and door locking mechanism on the automobile. Defendants pled that plaintiff's injuries were proximately caused by her own negligence, including her failure to wear a seat belt.

In *Romankewiz v Black*, 16 Mich App 119, 125; 167 NW2d 606 (1969), the Court rejected claims that a plaintiff's failure to use a seat belt could amount to *contributory negligence* or a failure to mitigate injuries. The Court adopted the reasoning of *Miller v Miller*, 273 NC 228, 233-234; 160 SE2d 65 (1968):

"So far as our research discloses, no court has yet held an occupant's failure to buckle his seat belt to be negligence *per se.* * * * If the failure to buckle a seat belt is not negligence *per se,* it could be contributory negligence only when a plaintiff's omission to use the belt amounted to a failure to exercise the ordinary care which a reasonably prudent person would have used *under the circumstances* preceding that particular accident. Since the fact and circumstances preceding any accident will vary, so must conduct constituting due care. Under what circumstances would a plaintiff's failure to buckle his seat belt constitute negligence? If a motorist begins his journey without buckling his belt, ordinarily he will not have time to fasten it when the danger of accident becomes apparent; so the duty to 'buckle up'—if any—must have existed prior to the injury. Furthermore, it must be remembered that until one has, or should have, notice of another's negligence, he is not required to anticipate it. On the contrary, he is entitled to assume that others will use due care for his safety and their own." (Citations omitted; emphasis in original.)

*Romankewiz* was followed in *Selmo v Baratono*,

28 Mich App 217; 184 NW2d 367 (1970); *Placek v Sterling Heights,* 52 Mich App 619; 217 NW2d 900 (1974), *rev'd* 405 Mich 638; 275 NW2d 511 (1979); *De Graaf v General Motors Corp,* 135 Mich App 141; 352 NW2d 719 (1984), *lv den* 422 Mich 852 (1985), and *Schmitzer v Misener-Bennett Ford, Inc,* 135 Mich App 350; 354 NW2d 336 (1984), *lv den* 422 Mich 852 (1985).

We first considered the admissibility of a plaintiff's nonuse of a seat belt as evidence of *comparative negligence* in *Schmitzer.* The Court held that under Michigan's system of comparative negligence, evidence of a plaintiff's failure to use a seat belt is not admissible as evidence of plaintiff's contributory negligence or of plaintiff's failure to mitigate damages. 135 Mich App 359-360. Our holding in *Schmitzer* is controlling in this case.

As the *Schmitzer* Court stated, under the doctrine of comparative negligence the trier of fact must first find that the plaintiff was negligent. A finding of negligence can only be sustained if the plaintiff breached some statutory or common law duty. Proof that the plaintiff engaged in an injury-producing act, without more, is not a sufficient basis for establishing that plaintiff was negligent.

At the time the accident complained of occurred, the Michigan Legislature had not enacted the mandatory seat belt use law, MCL 257.710e; MSA 9.2410(5).[1] Hence, plaintiff's failure to wear a seat belt did not constitute negligence per se.

The common law does not provide a basis for concluding that plaintiff's failure to use a seat belt was a breach of her duty to use ordinary care. *Schmitzer, supra,* p 359. Plaintiff's failure to wear

---

[1] We note that the mandatory seat belt use law does not apply to rear seat passengers of motor vehicles, like plaintiff herein. See MCL 257.710e(3); MSA 9.2410(5).

a seat belt was therefore not admissible as evidence of her comparative negligence.

The trial court's interlocutory order denying plaintiff's motion is reversed.

V. J. Brennan, P.J., concurred.

C. W. Simon, J. *(dissenting)*. I respectfully dissent.

Michigan courts have previously rejected claims that a plaintiff's failure to wear a seat belt constitutes evidence of comparative negligence, sometimes reasoning that imposition of such a duty is an act more appropriately left to the Legislature. See *e.g., Romankewiz v Black,* 16 Mich App 119; 167 NW2d 606 (1969); *Schmitzer v Misener-Bennett Ford, Inc,* 135 Mich App 350; 354 NW2d 336 (1984). However, cases from other jurisdictions have reached conflicting conclusions on different theories as to the viability of a seat belt defense. See the cases discussed in Anno: *Automobile Occupant's Failure to Use Seat Belts as Contributory Negligence,* 15 ALR3d 1428, Anno: *Nonuse of Seat Belts as Failure to Mitigate Damages,* 80 ALR3d 1033, Anno: *Automobile Occupant's Failure to Use Seat Belts as Contributory Negligence,* 92 ALR3d 9, and Anno: *Nonuse of Seat Belts as Evidence of Comparative Negligence,* 95 ALR3d 239.

In *Ins Co of North America v Pasakarnis,* 451 So 2d 447 (Fla, 1984), the court addressed many of the objections to the seat belt defense expressed in *Romankewiz* and *Schmitzer.* Rejecting an argument that any decision to recognize the seat belt defense should be left to the Legislature, the court pointed out that the rule against the seat belt defense was formulated by the courts. The Florida court concluded that it would abdicate its judicial function if it left reconsideration of an old and

unsatisfactory court-made rule to the Legislature.
451 So 2d 451. I find the Florida court's reasoning
on this point persuasive. In *Placek v Sterling
Heights,* 405 Mich 638, 657; 275 NW2d 511 (1979),
the Court pointed out:

"[W]hen dealing with judge-made law, this Court in
the past has not disregarded its corrective responsibility
in the proper case.

" '[O]ur Court has heretofore believed that rules cre-
ated by the court could be altered by the court. For
example, we abrogated the defense of assumption of
risk, *Felgner v Anderson,* 375 Mich 23; 133 NW2d 136
(1965), repudiated the doctrine of imputed negligence,
*Bricker v Green,* 313 Mich 218; 21 NW2d 105 (1946),
eliminated the privity requirement in actions for
breach of an implied warranty, *Spence v Three Rivers
Builders & Masonry Supply, Inc,* 353 Mich 120; 90
NW2d 873 (1958), overruled the common-law disability
prohibiting the wife from suing for the loss of her
husband's consortium, *Montgomery v Stephan,* 359
Mich 33; 101 NW2d 227 (1960), overruled the common-
law disallowance of recovery for negligently inflicted
prenatal injury, *Womack v Buchhorn,* 384 Mich 718,
724-725; 187 NW2d 218 (1971); and even eliminated
charitable immunity from negligence *Parker v Port
Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960).' *[Kirby
v Larson,* 400 Mich 585, 625; 256 NW2d 400 (1977)
(opinion of WILLIAMS, J.)]."

While the Legislature is, of course, free to act in
this area, I see no reason why deference to the
Legislature should prevent us from reexamining
the validity of this Court's past decisions.

The Florida court also rejected the argument
that plaintiffs need not anticipate the occurrence
of an accident. Both Florida and Michigan have
adopted the rationale of *Larsen v General Motors
Corp,* 391 F2d 495 (CA 8, 1968). See *Ford Motor Co
v Evancho,* 327 So 2d 201 (Fla, 1976), and *Ruther-
ford v Chrysler Motors Corp,* 60 Mich App 392; 231

NW2d 431 (1975). The *Larsen* court explained, 391 F2d 502:

"Where the manufacturer's negligence in design causes an unreasonable risk to be imposed upon the user of its products, the manufacturer should be liable for the injury caused by its failure to exercise reasonable care in the design. These injuries are readily foreseeable as an incident to the normal and expected use of an automobile. While automobiles are not made for the purpose of colliding with each other, a frequent and inevitable contingency of normal automobile use will result in collisions and injury-producing impacts. No rational basis exists for limiting recovery to situations where the defect in design or manufacture was the causative factor of the accident, as the accident and the resulting injury, usually caused by the so-called 'second collision' of the passenger with the interior part of the automobile, all are foreseeable. Where the injuries or enhanced injuries are due to the manufacturer's failure to use reasonable care to avoid subjecting the user of its products to an unreasonable risk of injury, general negligence principles should be applicable. The sole function of an automobile is not just to provide a means of transportation, it is to provide a means of safe transportation or as safe as is reasonably possible under the present state of the art.

"We do agree that under the present state of the art an automobile manufacturer is under no duty to design an accident-proof or fool-proof vehicle or even one that floats on water, but such manufacturer is under a duty to use reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision. Collisions with or without fault of the user are clearly foreseeable by the manufacturer and are statistically inevitable." (Footnotes omitted.)

It is precisely the *Larsen* theory on which plaintiff relies to support her claims against defendants Estate Motors and Mercedes-Benz. The Florida court concluded, and I agree, that it would be

illogical and inconsistent to require manufacturers but not occupants of automobiles to foresee the possibility of a collision, *Ins Co of North America v Pasakarnis, supra,* pp 452-453.

In *Moning v Alfono,* 400 Mich 425, 449-451; 254 NW2d 759 (1977), the Court explained general negligence principles as follows:

> "Even if a person recognizes that his conduct involves a risk of invading another person's interest, he may nevertheless engage in such conduct unless the risk created by his conduct is unreasonable.
>
> "The reasonableness of the risk depends on whether its magnitude is outweighed by its utility. The Restatement provides: 'Where an act is one which a reasonable man would recognize as involving a risk of harm to another, the risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done.' 2 Restatement Torts, 2d, § 291.
>
> "The balancing of the magnitude of the risk and the utility of the actor's conduct requires a consideration by the *court and jury* of the societal interests involved. The issue of negligence may be removed from jury consideration if the court concludes that overriding considerations of public policy require that a particular view be adopted and applied in all cases.
>
> \* \* \*
>
> "If it concludes that the utility does not, as a matter of law, override the risk, then the question of balancing utility and risk is for the jury to decide, again, as a part of its consideration of the reasonableness of defendants' conduct, unless the Court concludes that all reasonable persons would be of one mind on that question." (Footnotes omitted; emphasis in original.)

Some debate may be possible as to the extent to which public policy favors mandatory use of seat belts. I cannot, however, conceive how any rational view of public policy could support a conclusion

that the utility of nonuse of seat belts outweighs the magnitude of the risk of injury resulting from nonuse of seat belts. Moreover, I cannot see how it can be said that all reasonable persons would agree that the risk of not wearing a seat belt is reasonable.

Adoption of comparative negligence by the Supreme Court in *Placek v Sterling Heights, supra,* was intended to hold every person responsible for his or her acts to the full extent to which they cause injury. See *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29, 45; 323 NW2d 270 (1982). The Legislature evidently possessed a similar intent when it adopted comparative negligence in all products liability actions by 1978 PA 495, adding MCL 600.2949; MSA 27A.2949. Adoption of comparative negligence makes the case for recognition of the seat belt defense more compelling, because the seat belt defense is consistent with the principle on which comparative negligence is based. Moreover, adoption of comparative negligence removes any concern that recognition of the seat belt defense will lead to unduly harsh results. I emphasize, however, that our reasoning is based on general principles of negligence law which existed before adoption of comparative negligence. I believe that *Romankewiz* and similar cases mistakenly singled out nonuse of seat belts for special protection. Application of general negligence principles would enable a jury to conclude in an appropriate case that nonuse of seat belts was negligent.

I would adopt the holding in *Ins Co of North America v Pasakarnis, supra,* 451 So 2d 454:

"Nonuse of the seat belt may or may not amount to a failure to use reasonable care on the part of the plaintiff. Whether it does depends on the particular circumstances of the case. Defendant has the burden of plead-

ing and proving that the plaintiff did not use an available and operational seat belt, that the plaintiff's failure to use the seat belt was unreasonable under the circumstances, and that there was a causal relationship between the injuries sustained by the plaintiff and plaintiff's failure to buckle up. If there is competent evidence to prove that the failure to use an available and operational seat belt produced or contributed substantially to producing at least a portion of plaintiff's damages, then the jury should be permitted to consider this factor, along with all other facts in evidence, in deciding whether the damages for which defendant may otherwise be liable should be reduced. Nonuse of an available seat belt, however, should not be considered by the triers of fact in resolving the issue of liability unless it has been alleged and proved that such nonuse was a proximate cause of the accident."

I would affirm.