HIERTA v GENERAL MOTORS CORPORATION

(SUPPLEMENTAL OPINION)

Docket No. 77617. Submitted October 3, 1985, at Detroit.—Decided
February 4, 1986. Leave to appeal applied for.

Plaintiff, Lars E. Hierta, was injured when he fell out of a truck
manufactured by defendant, General Motors Corporation.
Plaintiff brought an action alleging that defendant was negli-
gent in the design of the door locking mechanism and had
breached an implied warranty. The Wayne Circuit Court, Ro-
land L. Olzark, J., entered a judgment on a jury verdict in
which the defendant was found to have been negligent but not
to have breached any implied warranty. The jury also found
that plaintiff was 95% negligent and the award of damages was
reduced accordingly. Plaintiff appealed, alleging that the trial
court erred in allowing defendant to use plaintiff's failure to
use a seat belt both as a defense and as evidence of compara-
tive negligence. Plaintiff also alleged that the jury verdict was
inconsistent. The Court of Appeals found that the trial court
erred in introducing evidence that plaintiff failed to wear his
seat belt and that the evidence was improperly used to estab-
lish plaintiff's comparative negligence. The Court of Appeals
reversed and remanded for a new trial, 147 Mich App 274 (1985).
Plaintiff filed a motion for clarification and defendant filed a
motion for direction, both seeking further explanation by the
Court of Appeals on the scope of the ordered remand. Plaintiff
argues that retrial is required on all issues, while defendant
argues that a retrial on the issue of comparative negligence
only is required. The motions for clarification and direction
have been granted. *Held:*

Where an error affects only the determination of comparative

REFERENCES

Am Jur 2d, New Topic Service, Comparative Negligence § 50.

Modern development of comparative negligence doctrine having
applicability to negligence actions, generally. 78 ALR3d 339.

Contribution or indemnity between joint tortfeasors on basis of
relative fault. 53 ALR3d 184.

See also the annotations in the ALR3d/4th Quick Index under
Comparative Negligence.

negligence and the jury verdict makes it clear that neither the determination of the defendant's liability nor the total amount of damages was affected by the error, remand for a new trial solely on the issue of comparative negligence will be ordered. In the case at bar, the only error found was the introduction of the seat belt evidence on the issue of comparative negligence. The parties received an error-free trial on the issues of liability and damages, therefore remand on the issue of comparative negligence is all that is required. Accordingly, the scope of the new trial ordered in the original opinion is limited to a redetermination of the issue of comparative negligence only. The findings of defendant's liability and the total amount of damages, $50,000, is undisturbed.

Remanded.

NEGLIGENCE — COMPARATIVE NEGLIGENCE — NEW TRIAL — APPEAL.

The Court of Appeals will remand for a new trial solely on the issue of comparative negligence where an error affects only the determination of comparative negligence and the jury verdict makes it clear that neither the determination of the defendant's liability nor the total amount of damages was affected by the error.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Samuel A. Meklir),* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Derek I. Meier, Kathleen McCree Lewis* and *Gwendolyn Taylor),* and General Motors Corporation (by *Mary Ann McKinnon* and *Judith Zakens),* of counsel, for defendant.

(SUPPLEMENTAL OPINION)

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

PER CURIAM. On November 19, 1985, we released an opinion in this case finding that the trial court erred in allowing the introduction of evidence that plaintiff failed to wear his seat belt. That evidence

* Circuit judge, sitting on the Court of Appeals by assignment.

was improperly used to establish plaintiff's comparative negligence. We found no other error in the original trial. We "[r]eversed and remanded for a new trial consistent with this opinion". *Hierta v General Motors Corp,* 147 Mich App 274; — NW2d — (1985).

Subsequently, plaintiff filed a motion for clarification and defendant filed a motion for direction, both motions seeking further explanation by this Court on the scope of the remand ordered by our original opinion. Plaintiff "assumes" that our original opinion requires retrial on all issues, while defendant argues that a retrial on the issue of comparative negligence only is required. Since we believe that a more complete explanation of the scope of remand that we intend would be helpful to the parties and to future litigants, the motions for clarification and direction are granted.

At trial, the jury returned a special verdict which found defendant liable on a negligence count but not liable on a breach of warranty claim. The jury further found that plaintiff's total damages were $50,000, but that plaintiff himself was negligent to the extent of 95%. Thus, plaintiff only received 5% of the $50,000. As discussed in our original opinion, plaintiff on appeal only challenged the introduction of the seat belt evidence and the jury's verdict of no cause of action on the breach of warranty claim. We reversed on the seat belt issue, but left undisturbed the verdict on the warranty claim. *Hierta,* p 281.

The question of whether a remand for new trial solely on the issue of comparative negligence is appropriate has not been directly addressed by a court in this state. However, this Court in *Sweetman v State Highway Dep't,* 137 Mich App 14; 357 NW2d 783 (1984), a case in which a member of

this panel participated, did order a remand for a redetermination of comparative negligence without specifically considering whether such a remand was available.

In *Sweetman,* this Court concluded that the trial court, which sat without a jury, erred in applying the rescue doctrine in determining that the plaintiff was 75% negligent. It remanded for the trial court to determine if the rescue doctrine did apply and, if so, to redetermine plaintiff's comparative negligence in accordance with the principles set forth in the opinion.

The general principle of the availability of new trials limited to "some of the issues" is embodied in the court rules. MCR 2.611(A)(1). Furthermore, it is accepted that where liability is clear, a new trial may be limited to the issue of damages. *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641; 378 NW2d 558 (1985). However, the Supreme Court has expressed disapproval of this practice, but will allow it "where the liability was clear". *Trapp v King,* 374 Mich 608, 611; 132 NW2d 640 (1965).

Although this issue has not been addressed by a Michigan court, it has been addressed in other jurisdictions. In *Bauman v Crawford,* 104 Wash 2d 241; 704 P2d 1181 (1985), the Washington Supreme Court concluded that the jury had been improperly instructed on the issue of the plaintiff's own negligence. The jury found the plaintiff 95% negligent. The court concluded that a remand on the issue of liability only was necessary:

"Petitioner's trial occurred when the comparative negligence statute was still in effect * * *. Under that statute, the jury determined the question of liability separately from the question of damages, by way of a special verdict form. On that form, the jury first deter-

mined respondent's negligence, then determined petitioner's damages award. Lastly, the jury determined petitioner's negligence and then applied the principles of comparative negligence to decrease petitioner's award proportionate to his degree of negligence.

"Thus, because there is no possibility of a compromise verdict under the comparative negligence statute, a new trial on the damages issue is required only if the damages award, by itself, is so low as to require a new trial to meet the ends of justice." 104 Wash 2d 241, —; 704 P2d 1181, 1186 (citation omitted).

See also *O'Kelly v Willig Freight Lines,* 66 Cal App 3d 578; 136 Cal Rptr 171 (1977) (remand on issue of apportionment of damages between plaintiff and defendant appropriate); *Sturm, Ruger & Co, Inc v Day,* 615 P2d 621 (Alaska, 1980) (new trial on comparative negligence only).

We conclude that adoption of a rule similar to that applied by the court in *Bauman, supra,* is appropriate. Thus, where an error affects only the determination of comparative negligence and the jury verdict makes it clear that neither the determination of the defendant's liability nor the total amount of damages was affected by the error, we will remand for a new trial solely on the issue of comparative negligence. Such a rule does not adversely affect the rights of the parties since they have the opportunity to challenge the finding of the defendant's liability and the amount of damages.

In the case at bar, the only error found by this Court was the introduction of the seat belt evidence on the issue of comparative negligence. There is no reason to assume that the seat belt evidence affected the jury's determination that defendant was not liable on the breach of warranty claim, nor does defendant challenge the

finding of liability on the negligence claim. Nor is there any reason to conclude that the evidence affected the jury's determination of total damages, which was not challenged on appeal. Further, as in *Bauman,* the jury, by way of a separate verdict form, determined the issues of damages and defendant's liability separate from the issue of comparative negligence. Thus, there is no danger of a compromise verdict.

Since the parties received an error-free trial on the issues of liability and damages,[1] we need only remand on the issue of comparative negligence. Accordingly, the scope of the new trial ordered in our original opinion is limited to a redetermination of the issue of comparative negligence only. The findings of defendant's liability and the total amount of damages, $50,000, is undisturbed.

Remanded for further proceedings consistent with the opinions of this Court. No costs on the motions.

---

[1] Or, at least, they have not brought any claims of error affecting these issues to our attention.