HIERTA v GENERAL MOTORS CORPORATION (ON REHEARING)

Docket No. 105753. Submitted October 3, 1985, at Detroit. Decided
    November 19, 1985. Clarified by supplemental opinion Febru-
    ary 4, 1986. Submitted on rehearing April 4, 1990, at Lansing.
    Decided on rehearing September 9, 1992, at 9:00 A.M.

    Lars E. Hierta brought an action in the Wayne Circuit Court
    against General Motors Corporation, seeking damages for inju-
    ries suffered when he fell from a vehicle manufactured by the
    defendant and alleging negligent design and breach of an
    implied warranty. A jury found that the defendant was negli-
    gent in the design of the vehicle's door latch, but that it had
    not breached any implied warranty, found damages in the
    amount of $50,000, and found the plaintiff ninety-five percent
    comparatively negligent. The court, Roland L. Olzark, J., en-
    tered judgment for the plaintiff in the amount of the reduced
    award. The plaintiff appealed. The Court of Appeals, D. E.
    HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER, JJ.,
    held that the jury verdict was not inconsistent, but that the
    trial court erred in permitting the jury to consider evidence of
    the plaintiff's failure to use an available seat belt in determin-
    ing comparative negligence, and ordered the case remanded for
    a new trial on the issue of comparative negligence (Docket No.
    77617). 147 Mich App 274 (1985) and *Supplemental Opinion,*
    148 Mich App 796 (1986). The defendant moved for a rehearing
    of the question whether evidence of the lack of seat belt use
    could be used in determining comparative negligence.

    On rehearing, the Court of Appeals *held:*

    After the original and supplemental opinions of the Court of
    Appeals in this matter had been filed, the Michigan Supreme
    Court held that evidence of the failure to use an available seat
    belt can be used to establish the defense of comparative negli-
    gence. There is nothing in the Court's opinion to suggest that
    the rule is limited to situations in which there was a collision.
    Accordingly, the trial court did not err in permitting the jury

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 602.

Nonuse of automobile seatbelts as evidence of comparative negli-
    gence. 95 ALR3d 239.

to consider the plaintiff's failure to use his seat belt in determining comparative negligence, precluding a need for a new trial.

Affirmed.

Automobiles — Comparative Negligence — Seat Belts.

Evidence of the failure to use an available seat belt may be used to establish the defense of comparative negligence; whether the failure to use a seat belt constitutes a departure from the applicable standard of care is a question of fact for the jury.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Jay B. Schreier*), for the plaintiff.

*Dykema Gossett* (by *Derek I. Meier* and *Terrence E. Haggerty*), for the defendant.

### ON REHEARING

Before: Holbrook, Jr., P.J., and MacKenzie and Wahls, JJ.

Per Curiam. The plaintiff sustained injuries while riding as a passenger in a truck. The plaintiff's elbow hit the door handle, and he fell out of the truck. Following a trial, a jury found that the defendant was negligent in designing the truck door locking mechanism, but that the plaintiff was comparatively negligent. The jury also found that the defendant did not breach an implied warranty.

In our initial opinion regarding this matter, we reversed and remanded for a new trial on the basis that the trial court erred in allowing the defendant to use as a defense and as evidence of comparative negligence the plaintiff's failure to use a seat belt. *Hierta v General Motors Corp,* 147 Mich App 274; 382 NW2d 765 (1985). We also held that the jury verdict was not inconsistent in finding that the defendant was negligent in designing the truck door locking mechanism and also finding

that the defendant did not breach an implied warranty. *Id.* In a supplemental opinion, we explained that the scope of the remand ordered in our initial opinion was limited to a redetermination of the issue of comparative negligence only. *Hierta v General Motors Corp (Supplemental Opinion),* 148 Mich App 796; 385 NW2d 690 (1986). Our Supreme Court then remanded[1] for our consideration in light of *Granger v Fruehauf Corp,* 429 Mich 1; 412 NW2d 199 (1987). Upon reconsideration, we again concluded, in an unpublished opinion per curiam, decided February 13, 1990 (Docket No. 105753), that the verdicts were not inconsistent beyond reconciliation.

Since our original opinion in this case, our Supreme Court has held that a trier of fact may not be precluded from considering a failure to use an available seat belt when determining if a plaintiff exercised reasonable care under the circumstances. *Lowe v Estate Motors Ltd,* 428 Mich 439, 455; 410 NW2d 706 (1987). The defendant in this case argues that this Court's original ruling that the trial court erred in admitting evidence of the plaintiff's failure to use a seat belt is erroneous and that a retrial on the issue of comparative negligence without such evidence would be contrary to the current state of the law.

In our original opinion, we cited *Schmitzer v Misener-Bennett Ford, Inc,* 135 Mich App 350; 354 NW2d 336 (1984), as authority for the proposition that the failure to use a seat belt could not be used to show comparative negligence. We stated that because there was no statute mandating the use of seat belts at the time of the accident, the plaintiff's failure to wear a seat belt did not constitute negligence per se. We reasoned that, at most, the

[1] 429 Mich 887; 416 NW2d 313 (1987).

defendant could argue that the plaintiff breached a duty to use ordinary care, but that the *Schmitzer* Court had held that the duty to exercise ordinary care did not include an obligation to wear a seat belt. See *Hierta, supra,* 147 Mich App 278-279.

In light of *Lowe,* we now affirm the trial court's decision to allow the defendant to use as a defense and as evidence of comparative negligence the plaintiff's failure to use a seat belt. The *Lowe* Court rejected the reasoning in *Schmitzer* and stated that the admissibility of evidence concerning the failure to use a seat belt does not concern the question of duty. *Lowe, supra* at 460. Under the law of comparative negligence, every. person has an obligation to exercise reasonable care for his own safety. *Id.* at 456. Consequently, whether the failure to use a seat belt constitutes a departure from the applicable standard of care is a question of fact for the jury. *Id.* at 462.

Plaintiff in the case at bar argues that this Court's decision to remand the case for retrial on the issue of comparative negligence is unaffected by *Lowe.* He asserts that *Lowe* limited the use of evidence of the failure to use a seat belt for the purpose of establishing comparative negligence to situations in which there had been a collision. Accordingly, he further maintains that *Lowe* is inapplicable because this case does not involve a collision in which the failure to use a seat belt enhanced the injuries.

We are not persuaded by the plaintiff's arguments. Although the incident in *Lowe* involved a collision, the decision in *Lowe* is not limited to collision situations only. The *Lowe* Court's discussion of a plaintiff's obligation to exercise reasonable care for his own safety and the effect of that obligation on the principles of the doctrine of comparative negligence was general in nature.

Thus, *Lowe* held that evidence of a plaintiff's failure to use a seat belt is admissible to establish the defense of comparative negligence.

We conclude that the trial court did not err in allowing the defendant to use as a defense and as evidence of comparative negligence the plaintiff's failure to use a seat belt. Accordingly, there is no need to remand for a new trial on the issue of comparative negligence. We affirm the original jury verdict.

Affirmed.