SCHMITZER v MISENER-BENNETT FORD, INC

SEIFERT v ANDERSON

Docket Nos. 67515, 68924. Submitted March 13, 1984, at Detroit.—
Decided June 18, 1984. Leave to appeal applied for.

Gary B. Schmitzer, administrator of the estate of Nathan B.
Schmitzer, deceased, brought a wrongful death action in the
Tuscola Circuit Court naming as defendants, Misener-Bennett
Ford, Inc., and Monica Tanner, personal representative of the
estate of Jerry L. Tanner, deceased. The action arose out of an
automobile accident in which both decedents were killed. Fol-
lowing the deposition of the coroner, during which he opined
that if the plaintiff's decedent had used his seat belt he would
still be alive, the defendants moved to amend their answer to
include the decedent's failure to use a seat belt as an affirma-
tive defense. The trial court, Patrick R. Joslyn, J., denied the
motion to amend but reserved ruling on whether evidence of
the plaintiff's decedent's non-use of a seat belt could be intro-
duced as evidence of comparative negligence. In Docket No.
67515, the Court of Appeals granted defendants' application for
leave to appeal from the trial court's order denying their
motion to amend and consolidated the case with Docket No.
68924. In Docket No. 68924, Kenneth A. Seifert and Viola
Seifert brought an action in the Oakland Circuit Court against
Bruce A. Anderson and Pamela K. Anderson seeking damages

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 6] 7A Am Jur 2d, Automobiles and Highway Traffic § 602.
Liability of owner or operator of motor vehicle or aircraft for injury
or death allegedly resulting from failure to furnish or require use
of seat belt. 49 ALR3d 295.
[2] Am Jur 2d New Topic Service, Comparative Negligence § 48.
57 Am Jur 2d, Negligence § 296.
[4] 7A Am Jur 2d, Automobiles and Highway Traffic § 417.
[6] 22 Am Jur 2d, Damages § 31.
Nonuse of automobile seat belts as evidence of comparative negli-
gence. 95 ALR3d 239.
Automobile occupant's failure to use seat belt as contributory
negligence. 92 ALR3d 9.
Nonuse of seat belt as failure to mitigate damages. 80 ALR3d 1033.

for personal injuries sustained in an automobile accident. Plaintiffs moved to strike the affirmative defense of comparative negligence by reason of failure to wear a seat belt. The trial court, Gene Schnelz, J., issued an opinion and order denying plaintiffs' motion and ruling that evidence of the availability and use or non-use of seat belts may be admitted for consideration by the jury. In that case the plaintiffs appeal by leave granted from the order denying their motion to strike. *Held:*

1. Under any interpretation of comparative negligence, no matter how, or to what, negligence is compared, the trier of fact must first find that the plaintiff was negligent. A finding of negligence can be sustained only where the person, in committing the injury-producing act, breached some legally cognizable duty.

2. No statute presently mandates seat-belt use, thus, defendants may not argue that failure to use a seat belt is negligence per se. The common law fails to provide a basis for concluding that plaintiffs' failure to wear seat belts was a breach of their duty to use ordinary care. Therefore, a breach of a legally cognizable duty is not shown by a failure to wear a seat belt.

3. Under our system of comparative negligence, evidence of a plaintiff's failure to use a seat belt is not admissible as evidence of plaintiff's contributory negligence or of plaintiff's failure to mitigate damages.

The circuit court's order in Docket No. 67515 is affirmed and the circuit court's order in Docket No. 68924 is vacated with instructions to the court to grant plaintiffs' motion to strike.

1. AUTOMOBILES — SEAT BELTS — INSTALLATION — USE.

The Michigan statute mandating the installation of seat belts does not impose any sanctions for the failure to use a seat belt (MCL 257.710b; MSA 9.2410[2]).

2. NEGLIGENCE — COMPARATIVE NEGLIGENCE — DUTY.

The trier of fact must first find that the plaintiff was negligent before applying the doctrine of comparative negligence; negligence will not be found merely upon proof of an act which causes injury; a finding of negligence can be sustained only where the person, in committing the injury-producing act, breached some legally cognizable duty.

3. NEGLIGENCE — NEGLIGENCE PER SE — AUTOMOBILES — SEAT BELTS.

Seat belt use is not mandated by statute in Michigan, therefore, the failure to use a seat belt is not negligence per se.

4. NEGLIGENCE — AUTOMOBILES — REASONABLE CARE — CONTRIBU-
TORY NEGLIGENCE.

The occupants of an automobile have a right to assume as a matter of law that other drivers of vehicles will obey traffic laws and use reasonable care; contributory negligence cannot be imputed to a plaintiff for failure to anticipate the negligent acts of a defendant.

5. COMMON LAW — NEGLIGENCE — AUTOMOBILES — SEAT BELTS.

The common law does not provide a basis for a conclusion that the failure to wear a seat belt by an occupant of an automobile is a breach of the occupant's duty to use ordinary care.

6. NEGLIGENCE — COMPARATIVE NEGLIGENCE — AUTOMOBILES — SEAT
BELTS — CONTRIBUTORY NEGLIGENCE — MITIGATION OF DAM-
AGES.

Evidence of a plaintiff's failure to use a seat belt is not admissible under Michigan's system of comparative negligence as evidence of the plaintiff's contributory negligence or of the plaintiff's failure to mitigate damages.

*David N. Andreychuk,* and *Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner* and *Charles A. Nicholson*), of counsel, for plaintiff in No. 67515.

*Smith & Brooker, P.C.* (by *Darlene A. Conness* and *A. T. Lippert, Jr.*), for defendants in No. 67515.

*Shapack, Singer & McCullough, P.C.* (by *Alan M. Kanter*), for plaintiffs in No. 68924.

*Berry, Puleo & Noeske* (by *Richard H. Winslow*), for defendants in No. 68924.

Before: WAHLS, P.J., and BRONSON and N. J. KAUFMAN,* JJ.

BRONSON, J. In this appeal we are asked to

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

reconsider the admissibility of evidence of a plaintiff's non-use of a seat belt as evidence of contributory negligence in light of this state's adoption of comparative negligence.[1]

I

In No. 67515, defendants, Misener-Bennett Ford and Monica Tanner, sought to amend their complaint following the deposition of Ronald Hines, M.D., the coroner, during which he opined that, if Nathan Schmitzer, plaintiff's decedent, had used his seat belt, "he would still be alive". After hearing oral arguments, the circuit court denied defendants' motion to amend their answer to include the decedent's failure to use a seat belt as an affirmative defense, but reserved ruling on whether evidence of the decedent's non-use of a seat belt could be introduced as evidence of decedent's "comparative negligence". This Court granted defendants' application for leave to appeal from the order denying their motion to amend and consolidated the case with No. 68924.

In No. 68924, plaintiffs, Kenneth and Viola Seifert, moved to strike the affirmative defense of comparative negligence by reason of failure to wear a seat belt. The circuit court issued an opinion and order denying plaintiffs' motion and ruling that "evidence of availability and use or non-use of seat belts may be admitted for consideration by the jury". Plaintiffs appeal by leave granted from the order denying their motion to strike.

II

It is undisputed that prior to the adoption of

[1] *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), *reh den* 406 Mich 1119 (1979).

comparative negligence in this state, evidence of plaintiff's non-use of a seat belt was not admissible on either the question of plaintiff's contributory negligence or plaintiff's failure to mitigate damages. When first confronted with the issue of the admissibility of evidence of the non-use of a seat belt, this Court reviewed the decisions from other juridictions addressing the "seat-belt defense". *Romankewiz v Black,* 16 Mich App 119, 122-123; 167 NW2d 606 (1969). Noting that the Michigan statute mandating the installation of seat belts, MCL 257.710b; MSA 9.2410(2), imposed no sanction for failure to use a seat belt, and the statistics demonstrating the general public's non-use of seat belts as well as studies showing that belt use can exacerbate injuries, this Court explicitly adopted the view expressed in *Miller v Miller,* 273 NC 228, 233-234; 160 SE2d 65 (1968):

" 'So far as our research discloses, no court has yet held an occupant's failure to buckle his seat belt to be negligence *per se.* (Citing cases.) If the failure to buckle a seat belt is not negligence *per se,* it could be contributory negligence only when a plaintiff's omission to use the belt amounted to a failure to exercise the ordinary care which a reasonably prudent person would have used *under the circumstances* preceding that particular accident. Since the facts and circumstances preceding any accident will vary, so must conduct constituting due care. Under what circumstances would a plaintiff's failure to buckle his seat belt constitute negligence? If a motorist begins his journey without buckling his belt, ordinarily he will not have time to fasten it when the danger of accident becomes apparent; so the duty to "buckle up"—if any—must have existed prior to the injury. Furthermore, it must be remembered that until one has, or should have, notice of another's negligence, he is not required to anticipate it. On the contrary, he is entitled to assume that others will use due care for his safety and their own. (Citing cases.)'

"Accordingly, we hold that as a matter of law, [plaintiff's minor] had no duty to wear a seat belt. The plaintiff's failure to fasten his seat belt was not such negligence as to contribute to the cause of the accident. Unbuckled plaintiffs do not *cause* accidents." *Romankewiz, supra,* pp 125-126. (Emphasis in original.)

Relying on the analysis in *Miller, supra,* this Court further held that evidence of a plaintiff's failure to use a seat belt was inadmissible under the theory of avoidable consequences or mitigation of damages. We reasoned that where there was no duty to buckle a seat belt, failure to do so cannot be held to be a breach of the duty to avoid consequences or minimize damages.

One year later, this Court affirmed the holding of *Romankewiz, supra,* in *Selmo v Baratono,* 28 Mich App 217, 228; 184 NW2d 367 (1970), *lv den* 384 Mich 834 (1971), where we found no error in the trial court's refusal to instruct the jury that it could consider failure to wear a seat belt in determining the amount of damages. Finally, in *Placek v Sterling Heights,*[2] 52 Mich App 619; 217 NW2d 900 (1974), *lv den* 392 Mich 811 (1974), this Court held that the questioning of a plaintiff concerning his failure to wear a seat belt with or without a shoulder harness is so irrelevant and prejudicial that the plaintiff is entitled to a new trial even in the absence of proof that the jury was influenced by the testimony.

In summary, this Court has consistently opposed the introduction of evidence of a plaintiff's failure

[2] Our decision in *Placek,* 52 Mich App 619, was *not* appealed to the Supreme Court. Instead, the case was remanded for a new trial, and it is that *retrial* which was the subject of the Supreme Court's opinion adopting comparative negligence. Apparently on retrial, the plaintiff was not questioned about her non-use of a seat belt; consequently, the Supreme Court had no occasion to consider the issue raised in the instant appeal.

to use a seat belt. This rule was based on our determination that there is no duty to use a seat belt as well as the practical "facts of automobile travel today", *Romankewiz, supra,* pp 125-126.

## III

In 1979, the Michigan Supreme Court, acting under its authority to change the common law, replaced the doctrine of contributory negligence as a total bar to recovery with the doctrine of comparative negligence "in the interest of justice for all litigants in this state". *Placek, supra,* 405 Mich 650. The various defendants involved in this appeal argue that the bar against the admission of evidence of a plaintiff's failure to use a seat belt is inconsistent with the doctrine of comparative negligence which dictates that each party to an accident is to bear damages commensurate with his or her degree of fault. Defendants point to cases from other jurisdictions which have allowed the trier of fact to consider seat-belt non-use on the issues of comparative negligence or the failure to mitigate damages.[3] Defendants further argue that it would

[3] Our research discloses that the majority of comparative negligence jurisdictions have rejected the "seat-belt defense". In particular, we note *Taplin v Clark,* 6 Kan App 2d 66; 626 P2d 1198 (1981), decided under analogous chronological circumstances. In *Hampton v State Highway Comm,* 209 Kan 565; 498 P2d 236 (1972), the Kansas Supreme Court, notwithstanding the existence of a safety belt general installation requirement statute, held that there was no statutory or common-law duty requiring use of a seat belt and that evidence of non-use was inadmissible for purposes of contributory negligence or mitigation of damages. Subsequent to *Hampton,* the Kansas legislature statutorily adopted a system of comparative negligence. The court of appeals in *Taplin, supra,* concluded that comparative negligence did not change the basic duties required of drivers and passengers and, since the legislature still had not imposed a duty to use seat belts, rejected the argument that under a system of comparative negligence the seat-belt defense could be asserted either to reduce percentage of fault or to mitigate damages.

be inappropriate for us to defer to the Legislature in this matter.

The Supreme Court's preference for pure comparative negligence was based on the Court's view that justice is served by a doctrine which "hold[s] a person fully responsible for his or her acts and to the full extent to which they cause injury". *Placek, supra,* 405 Mich 661. The Supreme Court's opinion does not specifically address whether, under the doctrine, plaintiff's negligence should be compared with defendant's negligence in terms of the degree to which the parties' negligence caused the accident or the degree to which the parties' negligence caused or increased the severity of plaintiff's injury. Certain portions of the opinion focus on plaintiff's causation of his or her injuries and damages while other statements by the Court could be interpreted as focusing on "blame" for the accident. The distinction raised is important because rarely does the failure to use a seat belt actually contribute to the occurrence of the accident; rather, the "seat-belt defense" primarily arises where, as in the instant cases, plaintiffs' failure to use a seat belt may have increased the severity of their injuries.[4]

---

[4] The aforementioned distinction was addressed in *Melesko v Riley,* 32 Conn Supp 89; 339 A2d 479 (1975), where the Connecticut Superior Court refused to find that the adoption of comparative negligence by statute changed the rule that an act or omission which merely increased or added to the extent of the loss or injury, without contributing to the happening of the event, does not constitute contributory negligence. *Contra, Bentzler v Braun,* 34 Wis 2d 362; 149 NW2d 626 (1967).

In my opinion, justice is best served by comparing the parties' negligent contribution to the accident. For example, suppose that evidence of non-use of a seat belt were admissible on the issue of contributory negligence. Suppose further a defendant who negligently runs through a red light and hits a car driven by an unbelted plaintiff, knocking the plaintiff through the windshield and onto the street. Our hypothetical defendant introduces evidence at trial that had plaintiff been wearing a seat belt, he or she would have suffered 80% less injury. Under a theory which compares negligence in terms

Defendants' interpretation of comparative negligence as a doctrine which focuses on contribution to injury does not compel the conclusion that evidence of the plaintiffs' respective failures to use a seat belt should be admissible. Under any interpretation of comparative negligence, no matter how, or to what, negligence is compared, the trier of fact must first find that the plaintiff *was negligent.* Negligence will not be found merely upon proof of an act which causes injury; a finding of negligence can be sustained only where the person, in committing the injury-producing act, breached some legally cognizable duty. *Butrick v Snyder,* 236 Mich 300, 306; 210 NW 311 (1926); *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 620; 317 NW2d 195 (1981). Thus, even if we subscribe to defendants' contention that plaintiffs' failure to wear a seat belt proximately caused their injuries, we are still left with the question of whether plaintiffs' failure to wear a seat belt was a breach of some legal duty.

As this Court noted in *Romankewiz, supra,* p 124, at present, no statute mandates seat-belt use,[5] thus precluding defendants from arguing that failure to use a seat belt is negligence per se. Defendants are consequently relegated to arguing that

of contribution to injury, plaintiff's damage recovery would be reduced by 80%, a result which is to as patently unfair.

[5] Pending before the Michigan Legislature is HB 4203 which requires the use of seat belts. Section 710 E(3) of this proposed bill provides that failure to wear a seat belt "shall not be considered evidence of negligence nor limit liability of an insurer nor diminish recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle". Since we have no way of foreseeing what action the Legislature will finally take with respect to this proposed legislation, the only weight which we assign to the pending bill is that it supports our view that it would be premature for this Court to impose, at the present time, a duty to wear seat belts on automobile drivers and passengers.

plaintiffs' failure to wear a seat belt was a breach of plaintiffs' duty to use ordinary care.

As we discussed in *Romankewiz, supra,* pp 125-126, the problem inherent in this thesis is identifying when plaintiffs' failure to "buckle up" became a breach of their duty to use ordinary care. Obviously, the breach had to have occurred prior to the accident. To assert that plaintiffs had a duty to use ordinary care by "buckling up" at some point between entering their cars and immediately prior to the occurrence of the accidents imputes to plaintiffs the anticipation that an accident would occur. But, as a matter of law, plaintiffs had the right to assume that other drivers would obey traffic laws and use reasonable care. "Contributory negligence cannot be imputed to a plaintiff for failure to anticipate negligent acts of a defendant." *Koehler v Detroit Edison Co,* 383 Mich 224, 233; 174 NW2d 827 (1970).

The common law fails to provide a basis for concluding that plaintiffs' failure to wear seat belts was a breach of their duty to use ordinary care. Moreover, imposition of such a duty is an act more appropriately performed by the Legislature. The Legislature is better equipped to consider the various issues raised by a law mandating seat-belt use, *e.g.,* the majority of the population's disinclination to wearing seat belts, the contradictory studies regarding the efficacy of seat belts as safety devices, and the collateral problems associated with other types of safety devices. I reiterate the conclusion of the Court of Appeals Judge FITZGER-ALD, in *Romankewiz, supra,* p 127, "In summary, it is for the Legislature, which in its wisdom has prescribed seat belts, to prescribe any required use thereof if it chooses."

We conclude that under our system of compara-

tive negligence, evidence of a plaintiff's failure to use a seat belt is not admissible as evidence of plaintiff's contributory negligence or of plaintiff's failure to mitigate damages. The circuit court's order in No. 67515 is affirmed. The circuit court's order in No. 68924 is vacated, with instructions to the court to grant plaintiffs' motion to strike.