Argued and submitted February 14, affirmed August 13, 1986

# MADARIS,
*Respondent,*

*v.*

# STATE OF OREGON HIGHWAY DIVISION,
*Appellant.*

(84-2151; CA A36939)

723 P2d 1054

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Robert E. Brasch, North Bend, waived appearance for respondent.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a negligence action. Defendant appeals the trial court's ruling striking its affirmative defense that plaintiff was negligent in failing to use a seat belt. The dispositive issue is whether failure to use a seat belt may be considered in determining the comparative fault of persons involved in automobile accidents. We affirm.

Plaintiff lost control of his car while driving on Highway 101. It rolled over, and he sustained lacerations on his face and neck, which resulted in permanent scarring. The Highway Division had recently resurfaced the highway. Plaintiff notified the state, *see* ORS 30.265, and filed a complaint alleging that the Division was negligent in creating a slippery surface and in failing to post warning signs. The Division denied any negligence and asserted several affirmative defenses, including plaintiff's failure to use a seat belt. The trial court granted plaintiff's motion to strike the seat belt defense. The jury found the parties each 50 percent negligent. The Division appeals.

In *Robinson v. Lewis,* 254 Or 52, 55-57, 457 P2d 483 (1969), the Supreme Court held that failure to use a seat belt was not negligence *per se* and that there is no common-law duty to use a seat belt in ordinary vehicular travel. However, at the time of that decision, Oregon followed the common-law rule of contributory negligence. A holding that failure to use a seat belt constituted negligence would have prevented a plaintiff from recovering anything. Oregon is now a comparative negligence jurisdiction. *See* ORS 18.470 *et seq.* Thus, a finding of failure to use an available seat belt would not bar recovery; it merely would affect the extent of recovery. Therefore, *Robinson* is not controlling.

■ This is a case of first impression in Oregon. Therefore, we examine how other states have resolved similar claims. At the outset, it should be noted that states have dealt with the question of the admissibility of seat belt evidence for two purposes. The first is whether the evidence is admissible to determine whether the plaintiff was contributorily or comparatively negligent and, if so, to what extent. The second is whether the evidence is admissible to determine whether the damages the plaintiff is claiming should be apportioned to exclude any damages that could have been avoided if the

plaintiff had been using the seat belt. The second question is not before us.[1]

Several states have dealt with the admissibility of seat belt evidence statutorily. Of those states only two permit its introduction for purposes of determining the relative fault of the parties.[2] Five states permit its introduction for purposes of apportioning damages,[3] and four states, whose statutes deal only with requirements for restraining children, permit introduction of evidence that the child was not properly restrained in actions involving injuries to the child.[4] Twelve states provide that seat belt evidence is not admissible[5] and twelve states, including Oregon, provide that evidence of failure properly to restrain a child is not admissible in actions for injuries to the child.[6] The remaining states either do not have

---

[1] In its brief, defendant argues that both issues are before us. However, defendant's affirmative defense stated, in part:

"Plaintiff's negligence was a cause in fact and a substantial factor in causing his alleged injuries in the following particulars:

"* * * * *

"9. Failing to wear an available seat belt."

The only issue raised by that allegation was whether plaintiff's failure to use the seat belt constituted negligence. There was no contention that defendant should be permitted to use plaintiff's failure to wear a seat belt to apportion or mitigate his damages. Therefore, we do not reach that issue.

[2] See Cal Veh Code § 27315(i); Mich Comp Laws § 257.710 d.

[3] See Cal Veh Code § 27315(i); La Rev Stat Ann tit 32, § 295.1; Mich Comp Laws § 257.710 d; Mo Rev Stat § 307.178(3); NY Veh & Traf Laws § 1229-C.

[4] See Mont Code Ann § 61-9-422; ND Cent Code § 39-21-41.2(3); W Va Code § 17c-15-46; Wis Stat § 347.48(d).

[5] See Conn Gen Stat § 14-100a(c)(4); Ill Rev Stat ch 95 1/2 § 12-603.1(c); Ind Code § 9-9-14-1; Me Rev Stat Ann tit 29, § 1368-A; Mass Gen Laws Ann ch 90, § 70BB; NJ Rev Stat § 39:3-76.2a; NM Stat Ann § 66-7-373(B); NC Gen Stat § 20-135.2 A; Okla Stat tit 47, § 12-420; Tex Civ Stat art 6701d, § 107c; Va Code § 46.1-309.1(b); Wash Laws 1986, ch 152, HB 1182. The New Jersey and North Carolina statutes provide that they do not change the existing laws, rules or procedures with respect to civil trials. However, as indicated below, caselaw in those states forbids the use of evidence of failure to wear a seat belt for purposes of mitigating damages.

[6] See Ala Code § 32-5-222; Ariz Rev Stat Ann § 28-907; Ark Stat Ann § 75-2606; Del Code Ann tit 21, § 4199 C; Fla Stat § 316.613(3); Idaho Code § 49-763(3); Md Transp Code Ann § 22-412.2; ORS 811.210; Pa Stat Ann tit 75, § 4585; RI Gen Laws § 31-22-22; SC Code Ann § 56-5-6460; SD Codified Laws Ann 32-27-4. The Alabama statute provides that it does not create a duty or standard of care not otherwise recognized in the state; however, as indicated below, caselaw in Alabama forbids the

a statute dealing with the issue[7] or provide only that the evidence is not admissible on the issue of negligence.

Several states have dealt with the issue of admissibility in judicial decisions. Only three states permit introduction of the evidence on the question of negligence.[8] Seven states permit its introduction for purposes of mitigation.[9] Seventeen states do not permit its introduction at all.[10]

---

use of evidence of failure to wear a seat belt for purposes of mitigating damages.

ORS 811.210 provides, in part:

"(1)  A person commits the offense of endangering a child passenger if:

"(a)  The person operates a motor vehicle on the highways of this state and any passenger younger than 16 years of age is not secured with a child safety system, safety belt or safety harness as required by subsection (2) of the section; or

"(b)  The person is a licensed driver 21 years of age or older accompanying a person 15 years of age who is operating a motor vehicle on the highways of this state under a permit issued pursuant to OR 807.280 and:

"(A)  The person 15 years of age who is operating the motor vehicle is not secured with a safety belt or safety harness that meets requirements under ORS 815.055; or

"(B)  Any passenger younger than 16 years of age is not secured with a child safety system, safety belt or safety harness as required by subsection (2) of this section; or

"(c)  The person is younger than 16 years of age and operates a motor vehicle on the highways of this state under an emergency driver permit issued pursuant to ORS 807.220 or under a special student driver permit issued pursuant to ORS 807.230 and:

"(A)  The driver is not secured with a safety belt or safety harness that meets requirements under ORS 815.055; or

"(B)  Any passenger younger than 16 years of age is not secured with a child safety system, safety belt or safety harness as required by subsection (2) of this section.

"* * * * *

"(3)  A violation of this section shall not be considered under any circumstances to be negligence nor shall evidence of such a violation be admissible in any civil action."

[7] Hawaii, Iowa, Kentucky, Minnesota, Nebraska, Ohio, Tennessee and Utah have recently enacted mandatory seat belt statutes. We have been unable to determine whether those statutes also establish rules for admitting evidence of failure to use a seat belt in civil actions.

[8] *See Insurance Co. of North America v. Pasakarnis,* 451 So 2d 447 (Fla 1984); *Curry v. Moser,* 89 App Div 2d 1, 454 NYS2d 311 (1982); *Smith v. Goodyear Tire and Rubber Co.,* 600 F Supp 1561 (D Vt 1985) (applying Vermont law).

[9] *See Harlan v. Curbo,* 250 Ark, 610, 466 SW2d 459 (1971) (by implication); *Truman v. Vargas,* 275 Cal App 2d 976, 80 Cal Rptr 373 (1969); *Insurance Co. of North America v. Pasakarnis, supra; Melia v. Ford Motor Co.,* 534 F2d 795 (8th Cir

The remaining states have left the issues open or have not addressed them.

One of the most common arguments against admitting the evidence is that the failure to use a seat belt is not the cause of the accident itself and, thus, should not affect the plaintiff's recovery.[11] Other reasons for excluding the evidence on the issue of negligence include a concern that a plaintiff could be barred from any recovery in contributory negligence jurisdictions;[12] a concern that a plaintiff could be barred from recovery, even in comparative negligence jurisdictions, if the jury were unable to separate the damages;[13] and the recognition that, because not all cars are required to have seat belts, a plaintiff could be penalized for driving a car so equipped.[14]

The states that permit introduction of evidence of failure to use a seat belt have answered many of the concerns

---

1976) (applying Missouri law); *Spier v. Barker,* 35 NY2d 444, 363 NYS2d 916, 323 NE2d 164 (1974); *Smith v. Goodyear Tire and Rubber Co., supra; Foley v. City of West Allis,* 113 Wis 2d 475, 335 NW2d 824 (1983). Connecticut and Virginia have caselaw which would have permitted the admission of such evidence for purposes of mitigation; however, the rule in those states has been changed by statute. *See* Conn Gen Stat § 14-100a(c)(4); Va Code § 46.1-309.1(b).

[10] *See Britton v. Doehring,* 286 Ala 498, 242 So 2d 666 (1970); *Nash v. Kamrath,* 21 Ariz App 530, 521 P2d 161 (1974); *Fischer v. Moore,* 183 Colo 392, 517 P2d 458 (1973); *Lipscomb v. Diamiani,* 226 A2d 914 (Del 1967); *Hansen v. Howard O. Miller, Inc.,* 93 Idaho 314, 460 P2d 739 (1969); *Clarkson v. Wright,* 108 Ill 2d 129, 90 Ill Dec 950, 483 NE2d 268 (1985); *State v. Ingram,* 427 NE2d 444 (Ind 1981); *Taplin v. Clark,* 6 Kan App 2d 66, 626 P2d 1198 (1981); *D.W. Boutwell Butane Co. v. Smith,* 244 So 2d 11 (Miss 1971); *Polyard v. Terry,* 148 NJ Super 202, 372 A2d 378, *reversed on other grounds,* 160 NJ Super 497, 390 A2d 653, *aff'd,* 79 NJ 547 401 A2d 532 (1977); *Selgado v. Commercial Warehouse Co.,* 88 NM 579, 544 P2d 719 (1975); *Miller v. Miller,* 273 NC 228, 160 SE2d 65 (1969) (but may admit the evidence in a future case if a connection is shown between failure to use a seat belt and aggravation of injuries); *Roberts v. Bohn,* 26 Ohio App 2d 50, 269 NE2d 53, *rev'd on other grounds,* 29 Ohio St 2d 99, 279 NE2d 878 (1971); *Fields v. Volkswagen of America, Inc.,* 555 P2d 48 (Okla 1976); *Stallcup v. Taylor,* 62 Tenn App 407, 463 SW2d 416 (1970) (based on express statutory rule); *Carnation Co. v. Wong,* 516 SW2d 116 (Tex 1974); *Amend v. Bell,* 89 Wash 2d 124, 570 P2d 138 (1977).

[11] *See, e.g., Clarkson v. Wright, supra; Lawrence v. Westchester Fire Insurance Co.,* 213 So 2d 784 (La App 1968) (rule changed by statute); *Cierpisz v. Singleton,* 247 Md 215, 230 A2d 629 (1967); *Placek v. City of Sterling Heights,* 52 Mich App 619, 217 NW2d 900 (1974) (rule changed by statute); *Miller v. Miller, supra* n 10; *Carnation Co. v. Wong, supra,* n 10.

[12] *See Miller v. Miller, supra,* 273 NC at 237; *Roberts v. Bohn, supra,* 26 Ohio App 2d at 56.

[13] *See Lipscomb v. Diamiani, supra,* 266 A2d at 917.

[14] *See Lipscomb v. Diamiani, supra,* 266 A2d at 917.

expressed by the courts excluding that evidence. However, most of those states have limited the use of the evidence to the issue of mitigation of damages,[15] in the absence of some showing that the failure to use a seat belt contributed, in some way, to the cause of the accident. We agree with those jurisdictions. There was no such showing in this case. The trial court did not err in striking defendant's affirmative defense.

Affirmed.

---

[15] *See Insurance Co. of North America v. Pasakarnis, supra,* 451 So2d at 453-54; *Foley v. City of West Allis, supra,* 113 Wis 2d at 480.