Argued and submitted February 6, affirmed March 25, reconsideration denied May 15, petition for review allowed June 30, 1987 (303 Or 590)

# DAHL,
*Respondent,*

*v.*

# BAYERISCHE MOTOREN WERKE (BMW) et al,
*Appellants.*

## (A8207-04151; CA A36181)

734 P2d 387

E. Richard Bodyfelt, Portland, argued the cause for appellants. With him on the briefs were Roger K. Stroup and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Robert K. Udziela, Portland, argued the cause for

respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this products liability crashworthiness action against an automobile manufacturer and its distributors, defendants appeal the striking of an affirmative defense that plaintiff contributed to his injuries because he failed to use the seat belts provided in the allegedly defective automobile.

The basic facts are not disputed. Plaintiff was driving his car at night when it went out of control and crashed through a fence. He was thrown from the car and trapped by a part of the fence. During the accident, some gasoline sloshed out of the car's filler pipe and ignited, causing a small but intense fire in the area where plaintiff lay trapped. He received burns from the fire as well as a scratch on the cornea of one eye and a small laceration on his head.

In their answer, defendants alleged that plaintiff was at fault and negligent in failing to use his seat belt. At trial it was established that the fire which caused most of plaintiff's injuries did not spread to the inside of the vehicle. We will assume for the sake of argument that plaintiff would have suffered few, if any, injuries had he been held in the vehicle by his seat belt. Defendants' only assignment of error relates to the trial court's striking of the seat belt comparative fault allegation.

In *Madaris v. State of Oregon Highway Div.*, 80 Or App 662, 668, 723 P2d 1054 (1986), we held that, "in the absence of some showing that the failure to use a seat belt contributed, in some way, to the cause of the accident," the failure may not be considered in determining the comparative fault of plaintiffs bringing negligence claims for injuries received in automobile accidents. Comparative fault is a defense in strict products liability actions. *See Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 642 P2d 624 (1982). Defendants argue that plaintiff's failure to use his seat belt did contribute to the cause of the accident. We do not agree. Here, the "accident", which in a crashworthiness case is not the crash itself but the failure of the vehicle to withstand the crash, was the escape of gasoline, which then caught fire. Plaintiff's failure to buckle up did not cause the fire. Thus, if this were a negligence action, the seat belt defense would not be available. We see no reason why failure to use a seat belt

should be considered as comparative fault in a products liability action when it is not available in a negligence action. Accordingly, the holding of *Madaris* controls, and the trial court did not err in striking the seat belt defense.

Although defendants might have been able to raise the seat belt issue on another theory, evidence of plaintiff's failure to use his seat belt was not offered for any purpose other than to show comparative fault, and the trial court was never given an opportunity to rule on any other theory. Accordingly, there was no error.

Affirmed.