Argued and submitted June 16, reversed and remanded September 9, reconsideration denied October 30, petition for review allowed November 17, 1987 (304 Or 405)

**MORAST,**
*Appellant,*

*v.*

**JAMES,**
*Respondent.*

(16-84-08083; CA A40260)

742 P2d 665

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Louis L. Kurtz, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., concurring.

## ROSSMAN, J.

Plaintiff brought this action to recover special and general damages for injuries sustained in an automobile accident which she claims was caused by defendant's negligence. The case was tried to a jury, which found defendant negligent but awarded no damages. The issue on appeal is whether the trial court erred in denying plaintiff's motion to strike defendant's affirmative defense that all or a portion of the injuries alleged were caused by plaintiff's failure to wear a seat belt. We reverse and remand.

Plaintiff alleged that the accident was caused by defendant's negligent failure to stop at a red light. Defendant asserted that she was not negligent and, as her first affirmative defense, alleged:

> "The van in which Plaintiff was a passenger was equipped with fully operational seat belts available for use by the Plaintiff. Plaintiff failed and neglected to use the seat belts and such failure produced or contributed to all or part of her injuries."

At trial, defendant's expert witnesses testified that a seat belt would have reduced or eliminated plaintiff's injuries. The trial court instructed the jury that plaintiff's failure to wear a seat belt was not relevant to the issue of negligence but that it could consider whether it contributed to her injuries.

In *Madaris v. State of Oregon Highway Div.,* 80 Or App 662, 723 P2d 1054 (1986), we held that the failure to wear a seat belt is not relevant to the determination of comparative fault in a negligence action to recover damages for injuries sustained in an automobile accident, in the absense of some showing that failure to use a seat belt contributed to the cause of the accident. In *Dahl v. BMW,* 84 Or App 483, 734 P2d 387, *rev allowed* 303 Or 590 (1987), we held that the same rule applies in a crashworthiness case. However, neither case decided the issue that is now squarely before us: Is evidence of plaintiff's failure to wear a seat belt admissible to show that she failed to take reasonable precautions to avoid the injuries sustained?

Both plaintiff and defendant rely extensively on public policy considerations to support their positions. Defendant

advances what has become the universally accepted proposition that seat belts prevent injuries and save lives. She, therefore, contends that courts should encourage their use by recognizing a special "duty to mitigate"[1] damages by buckling up and should exonerate defendants from liability for injuries that use of a seat belt would have prevented. On the other hand, plaintiff contends that allowing the introduction of evidence on the failure to wear seat belts is tantamount to imposing a duty on plaintiffs to anticipate the negligence of others. Further, she expresses a serious concern that such a practice would inevitably lead to a battle of experts in all such cases, as the parties attempted to establish the effect, if any, that wearing a seat belt would have had with respect to the injuries sustained.

In *Madaris v. State of Oregon Highway Div., supra,* 80 Or App at 666, we noted that the majority of state appellate courts deciding this issue have held that evidence of the plaintiff's failure to wear a seatbelt is not admissible for any purpose, at least without an allegation that the plaintiff's failure to wear a seat belt contributed to the cause of the accident. Traditionally, in the absence of legislation to the contrary, the rule has been, "You take your plaintiffs as you find them." Defendant has not persuaded us that we should depart from that rule here. Adopting a rule that exonerates defendants from liability for injuries sustained in accidents caused by their negligence—regardless of their degree of fault—would constitute the judicial imposition of a "duty" to wear a seat belt that could lead to unfair and anomalous results. One glaring example would be that a drunk driver could be free from any civil liability for injuries sustained in an automobile accident caused by the driver's disregard for the safety of others, if he was able to show that the use of a seat belt would have prevented the injuries sustained by the victim.

We hold that the trial court erred by submitting the "seat belt" defense to the jury.[2]

---

[1] The phrase "mitigation of damages" is best reserved for a plaintiff's responsibility to exercise reasonable care to avoid injury after something has happened, although we have used the phrase in the same context as used here by the parties. *See Madaris v. State of Oregon Highway Div., supra.*

[2] Defendant also contends that plaintiff did not properly preserve any error for appeal, because she did not stipulate to the use of special interrogatories concerning the extent of her injuries. We disagree. Determining the appropriate verdict form to submit to the jury is within the discretionary powers of the trial court.

Reversed and remanded.[3]

**WARREN, J.,** concurring.

I agree with the majority. The "seat belt defense" is based upon the theory that a plaintiff should not recover damages for injuries that could have been avoided by taking precaution for his own safety before the defendant's negligence took place. If that theory were adopted as a general proposition, its application cannot logically be limited to seat belt cases. Conceivably, defendant could attempt to prove that had plaintiff followed medical advice to strengthen her back, she would have sustained reduced injury. To permit a defendant to prove that some more or less remote negligent conduct by the plaintiff made him or her more susceptible to injury would raise collateral questions which would unduly complicate trials. The majority correctly points out that a defendant takes a plaintiff as he finds him, in the absence of legislation, with or without a seat belt.[1]

---

[3] Nothing in this opinion addresses the interpretation or effect of Or Laws 1987, ch 385, which involves the mandatory use of seat belts and which was not in effect at the time of the events relevant in this case.

[1] My concurrence here is not inconsistent with my comment in *Dahl v. BMW,* 84 Or App 483, 486, 734 P2d 387, *rev allowed* 303 Or 590 (1987). In that "crashworthiness" case, the defendant did not offer the evidence that the vehicle contained a functional seat belt on the question of whether the vehicle contained features which, if used, made it capable of experiencing the accident without injury to the plaintiff.