Argued and submitted December 3, Court of Appeals affirmed, trial court reversed and remanded to trial court for new trial December 30, 1987

MORAST,
*Respondent on Review,*

*v.*

JAMES,
*Petitioner on Review.*

(CC 16-84-08083; CA A40260; SC S34543)

748 P2d 84

Louis L. Kurtz, of Luvaas, Cobb, Richards & Fraser, P.C., Eugene, argued the cause and filed the petition for petitioner on review.

J. Michael Alexander, of Burt, Swanson, Lathen, Alexander & McCann, Salem, argued the cause and filed a response to the petition for respondent on review.

PER CURIAM

## PER CURIAM

Plaintiff was injured when the automobile in which she was riding was struck by an automobile driven by defendant. She was not using an available safety belt at the time of the collision. At trial, defendant presented expert testimony that plaintiff's use of the available safety belt would have reduced, or entirely eliminated, plaintiff's injuries. The jury returned a verdict in favor of plaintiff, but awarded no damages. The Court of Appeals reversed, holding that evidence of nonuse of an available and fully operational safety belt is not admissible to prove that plaintiff unreasonably failed to mitigate her damages. *Morast v. James,* 87 Or App 368, 742 P2d 665 (1987). We affirm the decision of the Court of Appeals, but for reasons different than expressed in its opinion.

Plaintiff alleged that the collision was caused by defendant's negligent failure to stop at a red light. Defendant asserted that she was not negligent and, as her first affirmative defense, alleged:

"The van in which Plaintiff was a passenger was equipped with fully operational seat belts available for use by the Plaintiff. Plaintiff failed and neglected to use the seat belts and such failure produced or contributed to all or part of her injuries."

The trial court instructed the jury:

"Further, by way of affirmative defense, the Defendant contends and asserts that the van in which the Plaintiff was a passenger was equipped with a fully operational seat belt which was available to the Plaintiff and contending that the failure or the negligence of the Plaintiff in not using the seat belt did relate or bear upon the damages or the injuries complained upon—complained about."

and that:

"I instruct you that a person has a duty to exercise reasonable care to avoid increasing any damage suffered by that person. There can be no recovery for increased damage caused by the failure to exercise such care.

"If you find that the Defendant is at fault for the accident, and that Plaintiff was injured as a result of the accident, you may consider whether the Plaintiff's failure to wear a seat belt contributed to any of the injuries sustained by the Plaintiff.

"You are instructed that Oregon law does not require a passenger over the age of sixteen to wear a seat belt in a motor vehicle.

"The fact that the Plaintiff was not wearing a seat belt is not relevant to the issue of negligence and failure to wear a seat belt does not constitute contributory negligence."

Plaintiff excepted to the instruction both before and after it was submitted to the jury:

"We think that instruction * * * is an incorrect statement of the law and that it asks the jury to speculate. And we believe that the Plaintiff in this case has no duty to mitigate damage before the damages are known. In other words, that she does not have a duty to anticipate negligence, that instead of this being a mitigation issue it's really in the form of contributory negligence cloaked in the disguise of mitigation and we think that is an incorrect statement of law."

The instruction was erroneous. This safety belt defense is one of comparative fault, not mitigation of damages. *Dahl v. BMW,* 304 Or 558, 748 P2d 77 (1987).

The decision of the Court of Appeals is affirmed, and the case is remanded to the trial court for a new trial. On retrial, the trial judge should submit to the jury the safety belt defense as a question of comparative fault in accordance with our decision in *Dahl v. BMW, supra.*