387 S.E.2d 801

**Dennis L. WRIGHT**

v.

**Karen S. HANLEY, D.L. Peterson Trust, and Aetna Casualty and Surety Company.**

No. 18609.

Supreme Court of Appeals of West Virginia.

Dec. 5, 1989.

Michael W. McGuane, Wheeling, for Dennis L. Wright.

Yolanda G. Lambert, Wheeling, for Karen S. Hanley, D.L. Peterson Trust, Aetna Cas. & Sur. Co.

WORKMAN, Justice:

This case is before the Court upon the appeal of Dennis L. Wright from a final judgment order of the Circuit Court of Ohio County which denied his motion for a new trial after a jury returned a verdict against him in a personal injury case arising from an automobile accident. The appellant's only assignment of error is that the trial court erred in giving defendant's instruction No. 15, which was a seat belt instruction. The appellant asserts that the instruction was improper and prejudicial in that it confused the jury and may have caused them to apportion some percentage of negligence to the appellant for failing to wear a seat belt. We agree and reverse.

On December 4, 1983, an automobile accident involving a car driven by the appellant, Wright, and a car driven by the appellee, Karen S. Hanley, occurred at the intersection of 27th Street and Jacob Street, in

Wheeling, West Virginia. The intersection was controlled by a traffic light at the time of the accident. Subsequently, Wright filed an action in the Circuit Court of Ohio County seeking damages from Hanley, D.L. Peterson Trust, which was the owner of the automobile driven by Hanley, and Aetna Casualty and Surety Company, Hanley's employer.

The testimony at trial of Wright and his two children, who were passengers in his car, was that Hanley ran the red light at the intersection where the accident took place. The testimony of Hanley was that the appellant, Wright, had run the red light. The evidence further indicated that neither Wright nor his two children [1] wore seat belts at the time of the accident.

■ At the close of the presentation of evidence, the trial court over objection of the appellant, gave the following seat belt instruction [2]:

> You are instructed that Dennis Wright had a duty to exercise due care for his own safety. There has been testimony in this case that Mr. Wright's car was equipped with the seat belt, which he was not using at that time.

If you believe that the failure of Mr. Wright to wear his safety belt was a negligent act on his part and further, if you believe that failure to wear the safety belt proximately caused or contributed to Mr. Wright's injuries, then you may consider this act of negligence as a factor in determining the amount of damages, if any, to be awarded to Mr. Wright and as a factor in assessing fault for the collision.

> The court must caution the jury that the failure to wear seat belts in no way affects the amount of damages which may be recovered by Lee and Gladys Wright.

The jury returned a verdict apportioning fifty-one percent of the causal negligence for the accident to the plaintiff, Wright, and forty-nine percent of the causal negligence to the defendant, Hanley.

The issue of whether the failure to use available seat belts may be considered in assessing plaintiff's percentage of fault or in mitigation of damages is before this Court for the first time.[3]

■ While there is a statutory requirement in West Virginia that vehicles be equipped with safety belts,[4] there is no statutory duty that adults [5] wear a seat

---

1. The children were ages ten and eleven when the accident occurred.

2. The appellee argues that the objections made by counsel for appellant were insufficient to preserve the error now claimed by the appellant because at trial the appellant did not specifically state that the instruction was confusing or could tend to confuse a jury. Upon review of the record, we find that the appellant did properly object to the appropriateness of the seat belt instruction since there is no mandatory seat belt law in West Virginia and, therefore, he did comply with W.Va.R.Civ.P. 51 which provides, in pertinent part, that "[n]o party may assign as error the giving or the refusal to give an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly, as to any given instruction, the matter to which he objects and the grounds of his objection...."

3. In *State v. Nester,* 175 W.Va. 539, 336 S.E.2d 187, 189 (1985) this Court did find that failure to wear a seat belt was not an intervening cause of the victim's death, where the defendant was charged with causing the victim's death while driving under the influence of alcohol.

4. West Virginia Code § 17C–15–43 (1964) provides that:

> No dealer in new or used automobiles shall sell, lease, transfer or trade, at retail, any passenger automobile which is manufactured after January one, one thousand nine hundred sixty-five, unless such vehicle is equipped with safety seat belts for the front seat, which seat belts shall meet the standards set and approved by the Society of Automotive Engineers, Inc.

5. *But see* W.Va.Code § 17C–15–46 (1986) which does provide for adults to buckle up children as follows:

> Every driver who transports a child under the age of nine years in a passenger automobile, van or pickup truck other than one operated for hire, shall, while such motor vehicle is in motion and operated on a street or highway of this state, provide for the protection of such child by properly placing, maintaining and securing such child in a child passenger safety device system meeting applicable federal motor vehicle safety standards: Provided, That if such child is between the age of three and eight, both inclusive, a vehicle seat belt shall be sufficient to meet the requirements of this section.
> ....

belt.[6] However, some jurisdictions have found a common law duty to wear a seat belt even absent any legislative mandate.[7] The basis for the common law duty to wear seat belts in these jurisdictions is founded on the common law standard of ordinary care. *See Bentzler v. Braun,* 34 Wis.2d 362, 149 N.W.2d 626, 639 (1967). As the North Carolina Court asked in *Miller v. Miller,* 273 N.C. 228, 160 S.E.2d 65, 70 (1968), did the "plaintiff's omission to use the belt amount[ ] to a failure to exercise the ordinary care which a reasonably prudent person would have used *under the circumstances* preceding that particular accident[?]" (emphasis in original).

In *Miller,* the North Carolina Court was unimpressed with the reasonable person argument because

> [u]nder what circumstances would a plaintiff's failure to buckle his seat belt constitute negligence? If a motorist begins his journey without buckling his belt, ordinarily he will not have time to fasten it when the danger of accident becomes apparent; so, the duty to 'buckle up'—if any—must have existed prior to the injury. Furthermore, it must be remembered that until one has, or should have, notice of another's negligence, he is not required to anticipate it. On the contrary, he is entitled to assume that others will use due care for his safety and their own. (citations omitted)

*Miller,* 160 S.E.2d at 70.

Because of the continuing legislative debate over a mandatory automobile seat belt law, we decline to judicially impose a penalty on the occupant who chooses not to wear a seat belt and refrain from imposing a standard of conduct that the legislature has thus far been unsuccessful in imposing.[8]

█ In considering whether the instruction given in this case was proper as to the mitigation of damages question, it is helpful to review the law of other jurisdictions. In *State v. Ingram,* — Ind. —, 427 N.E.2d 444 (1981). The Supreme Court of Indiana, finding that the failure to use seat belts was inadmissible as to the mitigation of damages issue, held that "[t]he act of buckling or not buckling a seat belt is an act the injured party must perform before the injury causing the act occurs.... [T]he question of whether mitigation of damages has occurred looks at the acts of the injured party only after the injury has occurred." *Ingram,* 427 N.E.2d at 448.

Similarly, other jurisdictions have concluded that the failure to utilize seat belts will not be admitted to limit plaintiff's recovery through a mitigation of damages theory. *See Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187, 1208–09 (1986); *Schmitzer,* 354 N.W.2d at 340; *Welsh v. Anderson,* 228 Neb. 79, 421 N.W.2d 426, 429 (1988); *Hagwood v. Odom,* 88 N.C.App. 513, 364 S.E.2d 190, 192 (1988); *Schaeffer v. Burdette,* 33 Ohio Misc.2d 12, 514 N.E.2d 952, 955 (1986); *Morast v. James,* 87 Or.App. 368, 742 P.2d 665, 666 (1987), *aff'd,* 304 Or. 571, 748 P.2d 84 (1987); *Keaton,* 358 S.E.2d at 142; *Amend v. Bell,* 89 Wash.2d 124, 570 P.2d 138, 143 (1977). For example, the Supreme Court of Rhode Island recently refused to impose a

---

> A violation of this section shall not be deemed by virtue of such violation to constitute evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages....

**6.** While the West Virginia Legislature passed a mandatory seat belt bill on March 12, 1988, it was vetoed by the Governor and did not become law. Further, that legislation specifically provided that "(d) [a] violation of this section is not admissible as evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages, and shall not be admissible in mitigation of damages...." Enr.Com.Sub. for S.B. No. 8, at 3.

**7.** *See Hutchins v. Schwartz,* 724 P.2d 1194, 1199 (Alaska 1986); *Law v. Superior Court,* 157 Ariz. 142, 755 P.2d 1130, 1132–33 (1986); *Mount v. McClellan,* 91 Ill.App.2d 1, 234 N.E.2d 329, 330–31 (1968); *Bentzler v. Braun,* 34 Wis.2d 362, 149 N.W.2d 626, 639.

**8.** *See Taplin v. Clark,* 6 Kan.App.2d 66, 626 P.2d 1198, 1199–1200 (1981); *Schmitzer v. Misener–Bennett Ford, Inc.,* 135 Mich.App. 350, 354 N.W.2d 336, 340 (1984); *Kopischke v. First Continental Corp.,* 187 Mont. 471, 610 P.2d 668, 683 (1980); *Robinson v. Lewis,* 254 Or. 52, 457 P.2d 483, 484 (1969); *Keaton v. Pearson,* 292 S.C. 579, 358 S.E.2d 141, 142 (1987).

duty which would essentially require a plaintiff to mitigate damages prior to any negligent act occurring. Rather the court chose to align itself with the majority of jurisdictions and found that "a plaintiff owes no duty to anticipate a defendant's negligence and to minimize damages by buckling up *before* the tortious impact occurs." *Swajian v. General Motors Corp.*, 559 A.2d 1041, 1046 (R.I.1989) (emphasis in original).

The Oregon Court of Appeals perhaps best explained the need to exclude seat belt evidence. With facts similar to the case at bar, the court stated that

[t]raditionally, in the absence of legislation to the contrary, the rule has been, 'You take your plaintiffs as you find them.' Defendant has not persuaded us that we should depart from that rule here. Adopting a rule that exonerates defendants from liability for injuries sustained in accidents caused by their negligence—regardless of their degree of fault—would constitute the judicial imposition of a 'duty' to wear a seat belt that could lead to unfair and anomalous results. One glaring example would be that a drunk driver could be free from any civil liability for injuries sustained in an automobile accident caused by the driver's disregard for the safety of others, if he was able to show that the use of a seat belt would have prevented the injuries sustained by the victim.

*Morast*, 742 P.2d at 666.

Therefore, in the absence of a mandatory statutory duty to wear seat belts, we conclude that an instruction given to the jury relating to the mitigation of damages for failure to use a seat belt was not proper. As the *Miller* court noted

'It is possible for reasonable men [and women] to analyze logically the variables presented by the issues of lookout and control, but it is extremely difficult to analyze the variables presented in failing to buckle a seat belt upon entering an automobile for normal, everyday driving. To ask the jury to do so is to invite verdicts on prejudice and sympathy contrary to the law. It is an open invitation

to unnecessary conflicts in result and tends to degrade the law by reducing it to a game of chance.'

160 S.E.2d at 71 (quoting *Libscomb v. Diamiani*, 226 A.2d 914, 917 (Del.Super.Ct.1967)).

 Finally, in addition to finding that the seat belt instruction was not properly given, we also find that the instruction was very confusing in that it referred to the appellant's refusal to wear a seat belt as constituting a negligent act which may or may not have proximately caused the appellant's injuries. The jury may very well have used this instruction in determining the plaintiff's percentage of negligence. We have previously held that "an instruction which tends to mislead the jury is erroneous and should be refused." Syl. Pt. 6, *Cross v. Trapp*, 170 W.Va. 459, 294 S.E.2d 446, 448 (1982).

Based upon the foregoing, the judgment of the Circuit Court of Ohio County is reversed and remanded for a new trial.

Reversed and remanded.