STEPTOE, JUDGE:
Claimant was driving his 1971 Ford Pinto east on State route 41 in Nicholas County, West Virginia, when the right front wheel crossed a hole within the paved portion of the right lane, causing momentary loss of handling, during which time claimant was thrown against the steering wheel and sustained personal injury. Claimant further alleges property damage to his vehicle, however the Court will only consider the issue of liability at this time.
Claimant’s single vehicle accident occurred on or about June 16, 1985. Claimant was traveling on Route 41 at approximately 11:30 a.m., when he was forced to the side of his lane (but not off the road) by an approaching tractor trailer. Claimant testified that the tractor trailer was over the yellow line. Claimant further testified that when he moved to the edge of the road to “give the tractor trailer room,” he hit a hole in the road surface that was one foot wide and several inches deep. When asked specifically how deep, claimant stated, “deep enough that my car frame hit the road.” Claimant resides in the area of the accident, and travels this particular *160 section of road, “once or twice a month. ” Claimant testified that “the road is pretty bad through there.” No accident report was filed, nor did claimant contact the respondent prior to or after the accident to report the alleged hazard.
Respondent does not deny that Route 41 was in need of repaving, but takes the position that it was not on notice of the defect in the pavement which allegedly caused this accident. The former maintenance crew leader in Nicholas County for Route 41, Ernest Eugene Stewart, testified, however, that “we had all kinds of complaints from Route 41 all the way from Summersville to Craigsville,” an area that included the accident location. This witness for claimant further testified that “we fixed only the larger holes,” in the months prior to claimant’s accident. It was several weeks after claimant’s accident that the road was repaved in its entirely. Although respondent appears to have had both constructive and actual notice of the holes in Route 41, there is no indication, nor was testimony provided, that respondent placed “rough road” or similar warning signs in the area.
Respondent, on cross examination of claimant’s wife, Debbie Lucille McKinney, elicited testimony that claimant was not wearing a seat belt at the time of the accident, but that his wife and children were wearing seat belts and were not injured. This Court recognizes that failure to wear a seat belt is not at the present time in any way a basis for contributory negligence. The West Virginia Supreme Court of Appeals has held, “In the absence of mandatory seat belt legislation, no violation of a common law duty of reasonable care may be construed from failure to wear a seat belt. In the absence of a mandatory statutory duty to wear a seat belt, evidence of one’s failure to wear a seat belt is not admissible in a negligence action to assess percentage of fault...” Wright vs. Hanley, 387 S.E.2d 801 (1989).
From the evidence presented, it is the opinion of this Court that respondent had both constructive and actual knowledge of the road conditions, including the defect which caused the damage to claimant and his vehicle, and having failed to warn the traveling public of and to take affirmative action to remedy such conditions in a timely manner, respondent did thereby cause an unreasonable risk to the safety of those using the described road.
As the Court is of the opinion that respondent was negligent in the maintenance of Route 41 and that such negligence was the proximate cause of the injuries received by the claimant in this claim, the Court directs the Clerk to set the claim for hearing on the issue of damages.
Judge Hanlon did not participate in the hearing or decision of this claim.