VanBELKUM v FORD

Docket No. 101141. Submitted June 13, 1989, at Grand Rapids.
Decided November 14, 1989.

Shirley A. VanBelkum brought an action in the Kalamazoo
Circuit Court against Hattie Lou Ford and James B. Ford
seeking damages for injuries received in an automobile colli-
sion. The trial court, John F. Foley, J., citing Court of Appeals
precedent, granted plaintiff's motion in limine to exclude all
evidence regarding whether plaintiff was wearing a seat belt at
the time of the accident. The jury returned a verdict in plain-
tiff's favor and a judgment was entered thereon. Defendants
appealed.

The Court of Appeals *held:*

1. The trial court did not err by repeating certain standard
jury instructions upon the request of the jury.

2. The trial court erred in submitting in writing to the jury a
standard jury instruction. The submission of a partial set of
written instructions without the agreement of counsel was
error. However, no prejudice resulted from the error in this
case; therefore, the error was harmless.

3. Since the Court of Appeals precedent upon which the trial
court relied in granting plaintiff's motion in limine has been
reversed by the Supreme Court, the order cannot be affirmed
on the grounds relied upon by the trial court. The case is
remanded. If, on remand, an alternative ground for affirmance
is not found by the lower court, a new trial shall be ordered
limited to the issue of comparative negligence for failure to
wear a seat belt. In such an event, plaintiff's alleged compara-
tive negligence for failing to wear a seat belt need not be
limited to five percent.

Remanded.

1. Trial — Jury Instructions.

It is within a trial court's discretion to repeat jury instructions on
the jury's request during deliberations (MCR 2.516[B][4]).

References

Am Jur 2d, Automobiles and Highway Traffic §§ 567, 602; Trial
§§ 610, 614, 615, 1046.

Nonuse of automobile seatbelts as evidence of comparative negli-
gence. 95 ALR3d 239.

2. TRIAL — JURY INSTRUCTIONS.
   A trial court errs in submitting to a jury a partial set of written instructions without the agreement of counsel for the parties (MCR 2.516[B][5]).

3. NEGLIGENCE — COMPARATIVE NEGLIGENCE — AUTOMOBILES — SEAT BELTS.
   Evidence of a plaintiff's failure to use a seat belt is admissible as evidence of the plaintiff's comparative negligence; the comparative negligence of the plaintiff for failing to wear a seat belt need not be limited to five percent.

*Randolph McCarthy, Jr., P.C.* (by *Randolph McCarthy, Jr.*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for defendants.

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

PER CURIAM. Defendants appeal as of right from a judgment entered in plaintiff's favor pursuant to a jury verdict in this automobile negligence case. On appeal, defendants raise two issues. We remand.

I

The instant action arose from alleged personal injuries the plaintiff sustained when the vehicle she was riding in was struck in the rear by an automobile operated by defendant Hattie Lou Ford and owned by defendant James B. Ford. In response to plaintiff's complaint, the defendants admitted the collision but denied negligence. The sole affirmative defense asserted in defendants' answer filed February 4, 1985, was the failure of the plaintiff's alleged injuries to exceed the no-fault automobile insurance tort threshold. MCL 500.3135; MSA 24.13135. The lower court's pretrial

order entered January 17, 1986, indicated that the pleadings were "satisfactory in present form and content."

On September 29, 1986, the plaintiff filed a motion in limine which requested "that all references to whether plaintiff was or was not wearing a seat belt be stricken and defendant instructed not to make any inquiry during the course of the trial as to the use or nonuse of the wearing of seat belts." Prior to the commencement of trial on April 7, 1987, plaintiff's motion in limine was granted on the basis of the authority of *Lowe v Estate Motors Ltd*, 147 Mich App 523; 382 NW2d 811 (1985). Following a nine-day trial, a verdict in plaintiff's favor was returned.

II

Defendants argue that the trial court committed error requiring reversal by granting the jurors' request that certain standard jury instructions be reread. On this issue, we initially note that defense counsel had expressed his agreement with the jury instructions prior to the jury's deliberation and failed to object to their content.

On review of the record, we hold that the trial court did not err by repeating certain standard jury instructions upon the request of the jury. Such practice is common and within the trial court's discretion. MCR 2.516(B)(4); *Body Rustproofing, Inc v Michigan Bell Telephone Co*, 149 Mich App 385, 393; 385 NW2d 797 (1986).

Defendants assert that the trial judge erred by submitting in writing to the jury a standard jury instruction. Although we agree that submitting a partial set of written instructions without the agreement of counsel violates MCR 2.516(B)(5), we

find no prejudice in the instant case and therefore hold the error to be harmless. MCR 2.613(A).

III

Defendants also argue that the lower court erred in granting plaintiff's motion to exclude from evidence all references to whether or not the plaintiff was wearing a seat belt at the time of the accident. We agree with the defendants that the order cannot be affirmed on the grounds relied upon by the lower court since the Court of Appeals decision in *Lowe* has been reversed by the Supreme Court, *Lowe v Estate Motors Ltd,* 428 Mich 439; 410 NW2d 706 (1987), reh den 429 Mich 1207 (1987). If, on remand, an alternative ground for affirmance is not found by the lower court, a new trial shall be ordered limited to the issue of comparative negligence for failure to wear a seat belt. See generally *Hierta v General Motors Corp (Supplemental Opinion),* 148 Mich App 796; 385 NW2d 690 (1986). In such an event, plaintiff's alleged comparative negligence for failing to wear a seat belt need not be limited to five percent. *Lowe, supra,* opinion of RILEY, C.J., pp 468-469.

On remand, the lower court shall permit the parties to brief and argue any possible alternative bases for affirmance of plaintiff's motion in limine. Alternative grounds for affirmance which may be considered include but are not limited to: (1) whether defendants waived the seat belt defense by failing to raise the issue as an affirmative defense in their answer, MCR 2.111(F)(3); (2) whether defendants were not prepared to present competent evidence that plaintiff's personal injuries were caused in whole or in part by her failure to wear a seat belt (see *Lowe, supra,* opinion of REILLY, C.J., p 475); and (3) whether defendants

have failed to preserve the seat belt issue by failing to make an offer of proof as to the excluded evidence, MRE 103(a)(2). We express no opinion as to the merits of such arguments, since the issues have not been briefed or argued on appeal.

Remanded. We do not retain jurisdiction. No costs to either party.