*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA CLINTON,

        Plaintiff-Appellee,

v

ANGELINA SINGH, RAJBIR SINGH, ALLSTATE
INSURANCE COMPANY, ETHAN ADRIEL
WOOD, UBER TECHNOLOGIES, INC., and
RASIER, LLC,

        Defendants,

and

BANKERS STANDARD INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
October 12, 2023

No. 364398
Oakland Circuit Court
LC No. 2020-179394-NI

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Defendant Bankers Standard Insurance Company (Bankers) appeals by leave granted[1] the trial court's order denying its motion in limine to preclude the application of a statutory limitation on plaintiff's comparative negligence. We reverse and remand for further proceedings.

---

[1] See *Clinton v Singh*, unpublished order of the Court of Appeals, entered March 1, 2023 (Docket No. 364398).

-1-

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

On April 30, 2019, plaintiff was riding in the rear seat of a ridesharing vehicle driven by defendant Ethan Adriel Wood.[2]  Wood's vehicle collided with another vehicle driven by defendant Angelina Singh.  Plaintiff was not wearing a safety belt during the accident.  Plaintiff testified at her deposition that she suffered multiple injuries as a result of the accident, including a facial fracture, a dislocated hip, a shoulder injury, and a spinal injury.  Bankers was plaintiff's no-fault automobile insurer at the time of the accident.

In January 2020, plaintiff filed a complaint against defendants; relevant to this appeal she sought underinsured-motorist benefits from Bankers resulting from the accident.  Plaintiff alleged that she had an insurance policy with Bankers and that she had complied with all relevant provisions of the policy.  Plaintiff claimed that Bankers had breached the insurance contract and had failed to pay plaintiff her benefits under the policy, even though she was seriously injured during the accident.  In its answer, Bankers denied plaintiff's allegations and asserted the affirmative defense that some or all of plaintiff's injuries were caused by plaintiff's own comparative negligence.

In January 2021, Bankers filed a motion in limine to preclude the application of a statutory limitation of the amount by which plaintiff's recovery could be reduced by her comparative negligence in failing to wear her safety belt.  Bankers argued that MCL 257.710e, which provides a limitation on the reduction of a plaintiff's recovery under certain circumstances, does not apply to rear-seat passengers.  Therefore, the five-percent statutory cap (on the reduction of any recovery) found in MCL 257.710e should not apply in this case, and Bankers should be allowed to produce evidence of plaintiff's comparative negligence, without any limitation, under the common law.  Plaintiff responded to Bankers' motion and argued that any reduction in her recovery for her failure to wear a safety belt should be capped at five percent of the total recovery.  She also argued that her failure to wear a safety belt was due to a medical condition and that wearing a safety belt would have exacerbated her condition.

The trial court decided Bankers' motion without oral argument, issuing an opinion and order denying the motion.  The trial court acknowledged that as a rear-seat passenger, plaintiff was not under a statutory duty to wear her safety belt.  However, the trial court concluded that "[t]o hold the cap [on the reduction of a plaintiff's recovery] to be inapplicable to the rear-seat passenger would reach an absurd result which would defeat the purpose of the statute."  Bankers moved for reconsideration, which the trial court denied.  This appeal followed.

## II.  STANDARD OF REVIEW

We "review[] a trial court's decision to admit evidence for an abuse of discretion; however, when the trial court's decision involves a preliminary question of law, such as whether a statute precludes the admission of evidence, a de novo standard of review is employed." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 275-276; 730 NW2d 523 (2006).  Additionally, we

---

[2] Defendants Ethan Adriel Wood, Angelina Singh, Rajbir Singh, Allstate Insurance Company, Uber Technologies, Inc., and Rasier, LLC are not parties to this appeal.

review issues of statutory interpretation de novo. See *Driver v Naini*, 490 Mich 239, 246; 802 NW2d 311 (2011). The primary goal of statutory interpretation is to "discern the intent of the Legislature by first examining the plain language of the statute," giving each word its "plain and ordinary meaning." *Id*. at 246-247. "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Id*. at 247.

## III. ANALYSIS

Bankers argues MCL 257.710e does not apply to rear-seat passengers in motor vehicles, and that the statute therefore cannot be applied to limit the reduction of plaintiff's recovery based on comparative negligence. We agree.

MCL 600.2959 provides that, in actions based on tort or seeking damages for personal injury, "the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury . . . the damages are based." In automobile no-fault cases, MCL 500.3101 *et seq*., the failure to wear a safety belt may generally be presented as evidence of a plaintiff's comparative negligence. See *Mann v St Clair Co Rd Comm*, 470 Mich 347, 350-351; 681 NW2d 653 (2004). Additionally, the no-fault act requires drivers and front-seat passengers to wear safety belts, and provides a limitation on the amount by which a plaintiff's recovery may be reduced for failing to abide by that statutory requirement. MCL 257.710e provides:

> (3) Each operator and *front seat passenger* of a motor vehicle operated on a street or highway in this state shall wear a properly adjusted and fastened safety belt except as follows:[3]
>
> * * *
>
> (8) Failure to wear a safety belt *in violation of this section* may be considered evidence of negligence and may reduce the recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle. However, that negligence shall not reduce the recovery for damages by more than 5%. [Emphasis added.]

The purpose of MCL 257.710e(3) is to require that all individuals sitting in the front seat of a motor vehicle wear safety belts. See *Mann*, 470 Mich at 352. Additionally, the "cap on the reduction of damages [in MCL 257.710e(8)] is applicable only to tort actions brought under the no-fault act, MCL 500.3101 *et seq*." *Id*.

The plain language of MCL 257.710e(3) clearly and unambiguously applies to operators and front-seat passengers of motor vehicles only. The limitation on the reduction of recovery for damages in MCL 257.710e(8) applies only to individuals who fail to wear a safety belt "in violation of this section." It is clear that plaintiff, as a rear-seat passenger, did not fail to wear a safety belt "in violation of [MCL 257.710e]" because she was not required by the statute to wear a safety belt while riding in the rear seat. We will "not read requirements into a statute where none

---

[3] None of the exceptions applies in this case.

appear in the plain language and the statute is unambiguous." *Nickola v MIC Gen Ins Co*, 500 Mich 115, 125; 894 NW2d 552 (2017) (quotation marks and citation omitted). Because the plain language of the statute "is clear and unambiguous, the statute must be applied as written." *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018) (quotation marks and citation omitted). Therefore, we conclude MCL 257.710e cannot be applied to limit the reduction of plaintiff's damages based on comparative negligence, and the trial court erred when it denied Bankers' motion.

Our Supreme Court has also concluded, albeit in the context of product liability rather than in a case under the no-fault act, that MCL 257.710e is unambiguous and that it does not apply to rear-seat passengers. See *Lowe v Estate Motors Ltd*, 428 Mich 439, 463; 410 NW2d 706 (1987).[4] In *Lowe*, the Supreme Court held that MCL 257.710e and its recovery reduction limit did not apply because the "plaintiff was a rear-seat passenger to whom the statute, by its terms, would not have applied." *Id*. The Supreme Court then acknowledged,

> [w]hile we are cognizant of the potential argument that the effect of the [5%] limitation could lead, potentially and perhaps anomalously, to the irrational result of protecting the recoveries of individuals [an operator or front-seat passenger] whose failure to use seat belts was in violation of the statute, while not protecting the recoveries of those [rear-seat passengers] whose failure to use seat belts was not in violation of it, we are compelled to conclude that that effect is essentially a legislative concern. [*Id*. at 469.]

The Supreme Court went on to state that the determination of comparative negligence for failing to wear a safety belt did not depend on a statutory requirement for safety belt use. See *id*. at 464. "The 'duty' element of common-law negligence has never been dependent upon the existence and violation of a statute, irrespective of whether one considers that element from the perspective of a defendant's liability or a plaintiff's recovery." *Id*. The Supreme Court later affirmed this point in

---

[4] The Supreme Court in *Lowe* also acknowledged that the accident in question had occurred before the effective date of MCL 257.710e and that the accident had occurred outside of Michigan. Therefore, the Supreme Court's reasoning that MCL 257.710e did not apply to rear-seat passengers was not the sole reason for the Supreme Court's holding that the statute did not apply to the plaintiff. See *Lowe*, 428 Mich at 463. Nonetheless, the Supreme Court's interpretation was based on the plain and unambiguous language of the statute itself and is persuasive. The Supreme Court also rejected the argument that MCL 257.710e(3)'s imposition of a statutory duty for operators and front-seat passengers to wear a safety belt indicated that the Legislature "intended by negative implication that in all other cases a failure to use a seat belt may not be admissible as evidence of comparative negligence." *Id*. at 465. The Supreme Court further specifically rejected the argument that the five percent limitation on recovery should in any event be applied out of "legislative deference," noting that "the judiciary has traditionally not involved itself in the setting of arbitrary figures or percentages." *Id*. at 468.

*Mann*, stating, "when evidence of the failure to use a safety belt is admitted under common-law comparative negligence, the safety belt statute and its cap do not apply." *Mann*, 470 Mich at 351.

Further, in *VanBelkum v Ford*, 183 Mich App 272, 275; 454 NW2d 119 (1989), this Court affirmed that the damages cap in MCL 257.720e does not apply to rear-seat drivers. The *VanBelkum* Court concluded that, if a trial on the issue of comparative negligence became necessary on remand, under MCL 257.720e, "[the] plaintiff's alleged comparative negligence for failing to wear a seat belt need not be limited to [five percent]." *Id*. at 275.

Considering the plain language of the statute, as well as decisions from the Supreme Court and this Court regarding MCL 257.720e and the applicability of the damages limitation, we conclude MCL 257.720e(8) cannot be applied to limit the reduction of recovery for plaintiff's damages in this case, because plaintiff was sitting in the rear seat of the vehicle and had not violated MCL 257.720e(3). MCL 257.720e did not apply to plaintiff at the time of the accident. Therefore, we conclude the trial court erred by denying Bankers' motion and by holding that MCL 257.710e(8) applied to plaintiff's claims.

Reversed and remanded for further proceedings.[5] We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney

---

[5] We express no opinion regarding whether plaintiff's conduct in not wearing her safety belt while in the rear seat of a vehicle was in fact negligent; our holding is limited to the determination that MCL 257.710e does not apply to limit the reduction of her potential recovery if the fact-finder determines that she was comparatively negligent.